SHIVERS, Chief Judge.
This appeal is from a judgment and sentence for possession of cocaine with intent to deliver. We reverse and remand for resentencing for possession of cocaine only.
Willis was charged by information with possession of cocaine and possession of cocaine with intent to deliver. After a jury trial, a verdict form was prepared which listed possession of cocaine as count one and possession of cocaine with intent to deliver as count two. Possession of cocaine was also listed as a lesser included offense of count two.
The trial judge instructed the jury that “in this case the only lesser crime included within the charge would be as to count two, and count two charges possession with intent to deliver, and a lesser crime would be simple possession of cocaine as to that count.” After deliberating for an hour and forty five minutes, the jury came out and' told the judge they reached a verdict on count one (possession), but were hung as to count two (possession with intent to deliver). The judge sent the jury back for further deliberations.
The jury sent a note to the trial judge asking, “What is the difference between count # 1, ‘Guilty of Possession of Cocaine’ as charged in the State’s information and count # 2, ‘Guilty of Possession of Cocaine’ a lesser included offense?” Before answering the question, the judge heard from counsel. State conceded the verdict form was prepared improperly and agreed to indicate to the jury that possession (count one) is a lesser included offense of possession with intent to deliver (count two). The trial judge said, “I need to answer the question, but not change the verdict form.” Defense counsel, who had not originally objected to the instructions or verdict form, moved for a mistrial on the ground the sentencing form was ambiguous. Defense counsel then withdrew his motion after the trial court offered to instruct the jury that Willis cannot be found guilty of both charges. The trial judge then answered the jury’s question by explaining
that those two offenses listed in your question are in reality the same identical offense. And what I’m going to state to you now is a hypothetical question or a hypothetical situation only. If you had found the defendant guilty under count one of possession of cocaine, he cannot be found guilty again under the second count of possession of cocaine. So that as to the second count if you had found him not guilty of possession with intent to deliver, then under those circumstances your verdict would be not guilty as to count two.
*701 Does the jury follow what I have tried to explain? And does this answer the question that you have?
JUROR: It does in one sense of the way, but I can’t go further beyond that.
THE COURT: What I’m trying to explain, there should not be two findings of guilty of possession of cocaine.
JUROR: In other words, they are the same?
THE COURT: That under the facts of this case, would be the same identical offense.
The jury retired once again and found Willis guilty on both counts.
Willis filed a motion for a new trial on the grounds that the evidence was entirely circumstantial and that the jury was confused and misled by the ambiguous verdict form. The motion argued in the alternative that the evidence only sustains a conviction for the lesser included offense of possession. At the sentencing hearing, which also became a hearing on the motion for a new trial, the trial judge agreed that the jury should not have been given the option of finding Willis guilty of both charges; but he felt the evidence supported the charge of possession with intent to deliver, for which Willis was adjudged guilty and sentenced. We reverse.
The jurors were confused. They were not told and did not understand that Willis could not be convicted on both counts.
“[T]he court should not give instructions which are confusing, contradictory, or misleading.” Butler v. State, 493 So.2d 451, 452 (Fla.1986). The test as to whether a misleading or confusing jury instruction constitutes reversible error is whether there exists a reasonable probability that it contributed to the conviction. Id. at 453; accord Veliz v. American Hospital, Inc., 414 So.2d 226 (Fla. 3d DCA 1982) (jury instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused it to reach a conclusion that it otherwise would not have reached).
When the jury came out and said they reached a verdict as to the simple possession count, it is clear the verdict was guilty. They did not know, however, whether — having found Willis guilty of simple possession — they should also find him guilty of what was described in the other count as the lesser included offense of simple possession. The judge told them they could not; and it is unknown whether they found Willis guilty of possession with intent to deliver because they thought he had the intent or because they thought finding him not guilty on the second count would be contrary to the guilty finding on count one because count one was also the lesser included offense of count two.
There is no reasonable probability, however, that the confusing jury instructions contributed to the guilty verdict on the simple possession charge. Therefore, instead of remanding for a new trial, we remand for resentencing for possession of cocaine only.
BARFIELD, J., and CAWTHON, Senior Judge, concur.