632 So.2d 1062 (1994)
John Arthur JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-722.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
Rehearing Denied March 7, 1994.
*1063 James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant below, John Arthur Johnson, was convicted of two counts of sexual battery and one of robbery. The second count of sexual battery was based on digital penetration of the victim's anus. The victim gave rather equivocal testimony that Johnson "briefly" penetrated her anus with his finger, but, because of her movement, "wasn't very successful ... at actual penetration." Johnson, testifying in his own behalf, denied any anal penetration, saying that he "only felt her butt."
The problem lies in the fact that the trial judge instructed the jury in respect to this charge that "union is an alternative to penetration and means coming into contact." The appellant argues, and the state agrees, that "union is not applicable to a charge based on digital penetration," and that the touching of finger to anus is not sexual battery. See Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989).
The state, although acknowledging the erroneous instruction, points out that there was no contemporaneous objection to the instruction at trial and maintains that it did not constitute fundamental error. We cannot agree with the state's argument. The absence of objection does not waive misstatement of a disputed element of the offense charged. State v. Delva, 575 So.2d 643 (Fla. 1991); State v. Jones, 377 So.2d 1163 (Fla. 1979); Crump v. State, 629 So.2d 231 (Fla. 5th DCA 1993). Given the erroneous instruction to the jury, it necessarily should have convicted Johnson of the second count of sexual battery even if it had believed his version of the incident.
We do agree with the state that there is no merit in the appellant's contention that he was entitled to a mistrial because of prejudicial testimony by a police officer at trial. Accordingly, we affirm Johnson's convictions for sexual battery under Count I (penile penetration) and for robbery under Count III. We reverse his conviction for sexual battery under Count II (digital penetration) and remand for a new trial on that count.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HARRIS, C.J., and GOSHORN, J., concur.