639 So.2d 602 (1994)
STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (94-1).
No. 83748.
Supreme Court of Florida.
June 16, 1994.
PER CURIAM.
The Court recently approved an instruction on attempted first-degree felony murder for inclusion in the Florida Standard Jury Instructions in Criminal Cases. Standard Jury Instructions in Criminal Cases, 636 So.2d 502 (Fla. 1994). The Supreme Court Committee on Standard Jury Instructions (Criminal) now recommends that a similar instruction be approved for attempted third-degree felony murder. The new instruction would be the same as the one on attempted first-degree felony murder except for the title and the elimination of the reference to burglary in the first Note to Judge. In order to be consistent, we hereby amend the title to the instruction on third-degree murder to read: FELONY MURDER  THIRD DEGREE. We approve for publication the new instruction which is set forth in the appendix to this opinion.
Further, it has come to our attention that paragraph 2 of the instructions on excusable homicide and excusable attempted homicide erroneously employ the term "accident or misfortune." Accordingly, the Court, on its own motion, amends paragraph 2 of those instructions to read "accident and misfortune."
The new instruction and the amendment shall be effective when this opinion becomes final.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.

APPENDIX

 ATTEMPTED FELONY MURDER  THIRD DEGREE F.S.
 782.04(1)(a) and 777.04
 Before you can find the defendant guilty of
 Attempted Third Degree Felony Murder, the State
 must prove the following two elements beyond a
 reasonable doubt:
 Elements
 Give 1a if defendant is 1. a. [(Defendant) did some overt act, which
 actual perpetrator could have caused the death of (victim),
 but did not.]
 Give 1b if defendant is b. [Some person other than (defendant) did
 not actual perpetrator some specific, overt act which could have
 caused the death of (victim)
*603 but did not; but both (defendant) and the
 person who did the specific overt act
 were principals in the commission of
 (crime alleged).]
 Give 2a, 2b, or 2c as 2. The act was committed as a consequence of and
 applicable while
 a. [the defendant was engaged in the
 commission of (crime alleged).]
 b. [the defendant was attempting to commit
 (crime alleged).]
 c. [the defendant, or an accomplice, was
 escaping from the immediate scene of
 (crime alleged).]
 In order to convict of attempted third degree
 felony murder, it is not necessary for the State
 to prove that the defendant had a premeditated
 design or intent to kill.
 It is not an attempt to commit third degree
 felony murder if the [defendant] [person who
 committed the specific overt act] abandoned the
 attempt to commit the offense or otherwise
 prevented its commission under circumstances
 indicating a complete and voluntary renunciation
 of [his] [her] criminal purpose.
 Notes to Judge 1. Define the crime alleged.
 2. If 1b is given, immediately give principal
 instruction (3.01 on page 32a).