648 So.2d 166 (1994)
Darrel CUMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1987.
District Court of Appeal of Florida, Fourth District.
November 16, 1994.
Rehearing Denied February 2, 1995.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
We reverse appellant's conviction for murder in the second degree and remand for new trial.
Although appellant has raised six issues directed at his conviction,[1] only one compels reversal; namely, the trial court's erroneous instruction to the jury on excusable homicide.[2]
As we read pages 61 and 62 of Florida Standard Jury Instructions in Criminal Cases, 1992, which are taken verbatim from appendix pages 10 and 11 to the supreme court's opinion in Standard Jury Instructions  Criminal Cases No. 92-1, 603 So.2d 1175 (Fla. 1992), the "Note to Judges" requires that both pages of the Introduction to Homicide be read, the note saying "Read in all murder and manslaughter cases." These pages read in part:

EXCUSABLE HOMICIDE
The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:

*167 1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or
2. When the killing occurs by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.
"Dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
Id. at 1176-77.[3]
The supreme court's opinion, sub silentio, renders obsolete this court's holding in Spector v. State, 593 So.2d 565 (Fla. 4th DCA 1992), decided six months prior to the above decision of the supreme court. There is no question in our mind that the facts here do not constitute sudden combat, which explains the defense's objection to paragraph 3 being given. However, the trial court had no choice but to give the instruction in its entirety.
The harmful error occurred in this case just prior to the jury's retirement to consider its verdict, when the trial court felt obliged to re-read the instruction on excusable homicide.
THE COURT: Folks, I am going to send you back to the jury room in just a few minutes.
I am going to send you back with a copy of the recorded instructions; I will send you back additionally with the verdict form, and I will send you back with a copy of the Information.
Now, the attorneys have pointed out at one point in the instructions when I was giving the preliminary instruction on excusable homicide I had inadvertently at the very end of that instruction substituted the word justified rather than excused.
And so that there is no misunderstanding, let me read the particular instruction where I substituted the word justified for excused and do it correctly this time.
I have  You will note when you play the tape if you play the tape that I have just taped over justified and changed the word from justified to excused. It's fairly obvious on the tape. We just did that up at side bar.
The instruction should read the killing of a human being is excusable and therefore lawful under any one of the following three circumstances.
Number one: The killing was committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or when the killing occurred by accident or misfortune in the heat of passion upon any sudden and sufficient provocation or when the killing is done or when the killing is committed by accident and misfortune resulting from a sudden combat.
However, if a dangerous weapon is used or the killing is done in a cruel or unusual manner it is not excusable.
A dangerous weapon is any weapon that taking into account the manner in which it is used is likely to produce death or great bodily harm.
This instruction is misleading because the qualification as to the use of a dangerous weapon does not mention sudden combat, and easily could be construed by the jury as meaning that a killing committed under any of the three circumstances could not be excused when a dangerous weapon was used. This instruction was highlighted by the fact that it was given as a correction just prior to the jury retiring to consider its verdict.
*168 Appellee argues there was no evidence that this homicide occurred by accident or misfortune; therefore, any error committed by the trial court when giving the instruction would be harmless. We disagree.
In manslaughter cases, the failure to instruct the jury on justifiable or excusable homicide is reversible error. See Armstrong v. State, 579 So.2d 734 (Fla. 1991). Here, the jury was given an opportunity to find appellant guilty of the lesser included offense of manslaughter. Accordingly, the trial court was required to give the instruction for excusable homicide. The trial court had the responsibility to fully and correctly instruct the jury on the applicable law. Foster v. State, 603 So.2d 1312 (Fla. 1st DCA 1992), rev. denied, 613 So.2d 4 (Fla. 1993). It failed to do so.
PARIENTE, J., and KROLL, KATHLEEN J., Associate Judge, concur.
NOTES
[1] Appellant is correct that there was a sentencing error, but we conclude it to be harmless, the explanation of which is unnecessary for this opinion in light of our reversal of the conviction.
[2] While not harmful error because of the procedural posture when the issue belatedly arose, the taped confession must be further redacted on retrial for the two references to appellant's past criminal behavior.
[3] Prior to 1992, the instructions enabled the trial court to select paragraphs 1, 2 or 3  as applicable. See State v. Smith, 573 So.2d 306 (Fla. 1990).

Since 1992, the supreme court has further amended the instruction to change paragraph 2 to read "accident and misfortune," which paragraph previously read "accident or misfortune." See Standard Jury Instructions in Criminal Cases (94-1), 639 So.2d 602 (Fla. 1994).