655 So.2d 1290 (1995)
Tommie R. WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1614.
District Court of Appeal of Florida, Fifth District.
June 9, 1995.
*1291 James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Tommie R. Ward ["Ward"] appeals his convictions for attempted second-degree murder and armed robbery with a firearm. The only issue raised on appeal having merit is the contention that the jury instruction given on attempted second-degree murder was defective. We agree that it was defective and reverse his conviction.
This case arises out of an armed robbery allegedly perpetrated by Ward and a cofelon, one of whom acted as a gunman and one of whom drove the getaway vehicle. The attempted murder charges were based on evidence that the gun discharged during the robbery, when the gunman attempted to strike the victim in the head with the gun. These actions resulted in Ward being charged by information with attempted first-degree felony murder.[1]
Ward was convicted of attempted second-degree murder based on an instruction which combined the elements of attempt and second-degree murder, but which also informed the jury that the defendant could be found guilty of attempted second-degree murder if he did some act toward committing the crime of robbery that went beyond just thinking or talking about it and he would have committed the crime of robbery except that he failed. The latter segment of the instruction appears to have been designed to define the lesser offense of attempted second-degree felony murder.
Because Ward was acting, if at all, as a principal in the offense, it would have been error under the law as it existed when this case was tried to instruct the jury on the offense of attempted second-degree felony murder, which requires that the killing be done by a non-principal. See State v. Dene, 533 So.2d 265 (Fla. 1988). Instead, based on the charging document, the jury should have been charged on attempted first-degree felony murder and the necessarily lesser included offenses of attempted second-degree murder and attempted manslaughter, to the extent those instructions were requested. Scurry v. State, 521 So.2d 1077 (Fla. 1988); Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990).[2]
Since Ward's conviction, the Florida Supreme Court has receded from Amlotte v. State, 456 So.2d 448 (Fla. 1984), in which it first recognized the offense of attempted felony murder. State v. Gray, 654 So.2d 552 (Fla. 1995). In Gray, the court agreed with the dissent in Amlotte that the offense was a logical impossibility and held that the offense will no longer be recognized in Florida. The court further directed that its opinion was to be applied to all cases pending on direct review or not yet final.
Had Ward been convicted of attempted felony murder, based on Gray we would vacate that conviction. Here, however, Ward was convicted of attempted second-degree murder, based on instructions which improperly incorporated elements of attempted felony *1292 murder and which thereby misstated the elements of attempted second-degree murder.[3] Given that there is a reasonable probability that the court's instructions affected the jury's verdict, we reverse for a new trial. See Willis v. State, 583 So.2d 699 (Fla. 1st DCA 1991).
The state contends that the error has not been preserved for review because of defense counsel's failure to object to this instruction below. However, the giving of an incomplete and inaccurate instruction on the law is fundamental error where the error relates to the elements of the criminal offense. See State v. Delva, 575 So.2d 643 (Fla. 1991); Brumbley v. State, 453 So.2d 381 (Fla. 1984); Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995); Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994).
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] The court specifically referred in the instruction to "felony murder in the second degree."
[2] Ward asked for instructions on attempted first-degree felony murder and attempted second-degree murder.
[3] For the proper instructions to be given in cases of attempted second-degree murder, see the Standard Jury Instructions in Criminal Cases, 636 So.2d 502, 502-503 (Fla. 1994).