COBB, Judge.
The defendant appeals from his conviction for manslaughter. We have reviewed the points raised by the defendant and find that while only one has merit, it necessitates a new trial. The defendant was charged with first degree murder in the shooting death of one Aaron Sutterby. Following the close of the state’s case, the trial court granted the defendant’s motion for judgment of acquittal as to first degree murder but denied the motion as to second degree murder and manslaughter.
In instructing on manslaughter, the trial court gave the following instruction:
An issue in this case is whether the killing of AARON SUTTERBY was excusable. The killing of a human being is excusable, and therefore lawful, if committed by accident and misfortune.
In order to find the killing was committed by accident and misfortune, you must find the defendant was:
A. doing a lawful act by lawful means and with usual care, and
B. acting without any unlawful intent.
And two, in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.
Three, engaged in sudden combat. However, the killing that occurs during sudden combat cannot be excusable if a dangerous weapon was used or the killing was done in a cruel and unusual manner.
A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
This instruction, to which defense counsel had no objection, is clearly erroneous in phrasing the elements in the conjunctive. See Fla. Std. Jury Instr. (Crim.) 61-62 (1994). The correct instruction on excusable homicide is as follows:
*618 The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any lawful intent, or
2. When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel and unusual manner.
See Standard Jury Instructions in Criminal Cases, 639 So.2d 602 (Fla.1994); Standard Jury Instructions-Criminal Cases, 603 So.2d 1175 (Fla.1992).
As instructed; the jury may have erroneously concluded that the death of the victim occurred as a result of accident and misfortune but did not find the death excusable because it erroneously believed the remaining factors (“heat of passion” and “sudden combat”) had to also be present.[1]
The Florida Supreme Court has repeatedly recognized that because manslaughter is a “residual offense, defined by reference to what it is not,” a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime. Stockton v. State, 544 So.2d 1006, 1008 (Fla.1989). Failure to give a complete instruction on manslaughter during the jury charge is fundamental error which is not subject to harmless error analysis where the defendant has been convicted of manslaughter. State v. Lucas, 645 So.2d 425 (Fla.1994). The only exception is where defense counsel affirmatively agreed to or requested the incomplete instruction. Armstrong v. State, 579 So.2d 734 (Fla.1991).
The instruction here is incomplete in its failure to explain the alternative elements of excusable homicide. The exception in Armstrong is not applicable. As such, this case is controlled by Lucas and reversal is mandated.
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and GRIFFIN, JJ., concur.

. At one time, two versions of the excusable homicide instruction existed, one' entitled the "short form’' instruction found in the introduction to homicide and the other the so-called "long form" instruction found later in the instructions. See State v. Smith, 573 So.2d 306 (Fla.1990). Under the "long form" instruction, the trial cotut was to instruct on the applicable alternative (lawful act, heat of passion or sudden combat). The instruction given by the trial court here may have been taken from this "long form” instruction, but it failed to explain the alternative nature of the instruction.
More importantly, however, the supreme court in 1992, mercifully put an end to the dual instructions and approved one single instruction on excusable homicide which is set out above. See Standard Jury Instructions-Criminal Cases, 603 So.2d 1175 (Fla.1992). See, e.g., Cummings v. State, 648 So.2d 166 (Fla. 4th DCA 1994). It is this instruction which applies to this case. We note that despite this clarification, West's Florida Criminal Laws and Rules Pamphlet (1994) retained the "long form” version of the excusable homicide instruction in its compilation of jury instructions. This error has been corrected in the 1995 Pamphlet, but the error may have misled the trial judge here. In any event, the instruction given here was substantially and preju-dicially erroneous even under the "long form” version.