697 So.2d 989 (1997)
Samuel PLATT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0074.
District Court of Appeal of Florida, Fourth District.
August 6, 1997.
*990 Samuel Platt, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PARIENTE, Judge.
We deny appellee's Motion for Rehearing, but withdraw our previous opinion and substitute the following opinion.
Samuel Platt (defendant) appeals the summary denial of his rule 3.850 motion, in which he claimed ineffective assistance of trial counsel resulting in his conviction of attempted second-degree murder. We reverse the summary denial because the record does not conclusively rebut the allegation that his trial counsel rendered ineffective assistance of counsel by not objecting to the trial court's failure to give a jury instruction on excusable homicide.
The record here does not indicate that defense counsel either affirmatively agreed to or requested an incomplete instruction. See Armstrong v. State, 579 So.2d 734 (Fla.1991); Summers v. State, 672 So.2d 617, 618 (Fla. 5th DCA 1996). The mere failure of defense counsel to object to an incomplete instruction does not constitute an affirmative waiver. Nelson v. State, 679 So.2d 1249 (Fla. 4th DCA 1996).
If the trial court's failure to instruct on excusable homicide during the original jury charge had been raised on direct appeal, reversal would thus have been required based on the failure to give a complete instruction on manslaughter. See State v. Lucas, 645 So.2d 425 (Fla.1994); Stockton v. State, 544 So.2d 1006, 1008 (Fla.1989). Such an omission is fundamental error not subject to harmless error analysis where, as here, defendant was convicted of attempted second-degree murder, an offense not more than one step removed from attempted manslaughter. Lucas, 645 So.2d at 425-26.
Because defendant raises the failure to object to the lack of an excusable homicide instruction through a rule 3.850 motion rather than on direct appeal, defendant must prove that the failure to object was the result of mistake or neglect such that his trial attorney's conduct fell measurably below the standard of competent counsel. See Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996).
The state argues that the failure to object may have been part of defense counsel's trial strategy. The record provided does not conclusively support this assertion. An evidentiary hearing is thus required to determine whether defense counsel's alleged error or omission was in fact a "trial tactic." See Anthony v. State, 660 So.2d 374, 376 (Fla. 4th DCA 1995).
Strickland also requires a showing that counsel's deficient performance prejudiced the defense. Therefore, in addition to showing deficient conduct by counsel, defendant must establish a reasonable probability that if the excusable homicide instruction had been given, the jury verdict would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; Kelley v. State, 569 So.2d 754, 757 (Fla.1990) (citation omitted); see also Knight v. State, 394 So.2d 997, 1001 (Fla.1981).[1]
*991 The failure of defense counsel to request an instruction on excusable homicide has been deemed to be an "unreasonable omission which severely prejudiced his client's case" where the error complained of "negated the only defense put forth by trial counsel." Spaziano v. State, 522 So.2d 525, 527 (Fla. 2d DCA 1988), receded from on other grounds, Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988) (en banc), review denied, 542 So.2d 990 (Fla.1989).
The reversal in Spaziano followed an evidentiary hearing on the issue of ineffective assistance of counsel. In Hoffert v. State, 662 So.2d 1010 (Fla. 4th DCA 1995), we reversed for an evidentiary hearing on trial counsel's ineffectiveness in failing to object to a jury reinstruction on manslaughter which did not include the definitions of justifiable and excusable homicide.
Here, defense counsel argued to the jury that the shooting was the end-product of defendant's fear. Such a defense supports an excusable homicide instruction. See Spaziano; State v. Smith, 573 So.2d 306, 310-11 (Fla.1990). Although defense counsel's argument was grounded on a claim of self-defense, an excusable homicide instruction would have given the jury an alternative basis to judge defendant's culpability.
Without an evidentiary hearing, we are unable to state that the record conclusively disproves defendant's ineffective assistance of counsel claim on the jury instruction issue. We agree with the trial court that the remainder of the allegations of ineffective assistance of counsel were legally insufficient and affirm the summary denial of those claims.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR AN EVIDENTIARY HEARING.
POLEN and KLEIN, JJ., concur.
NOTES
[1] In Knight, our supreme court expressed the second prong necessary to prove ineffective assistance of counsel as

the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings.
Knight v. State, 394 So.2d 997, 1001 (Fla.1981). In Mikenas v. State, 460 So.2d 359, 362 (Fla. 1984), our supreme court concluded that "[t]he test set forth in [Strickland] does not `differ significantly' with the test espoused by this Court" in Knight.