751 So.2d 771 (2000)
Tauris HUBBARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-3261.
District Court of Appeal of Florida, Fifth District.
March 3, 2000.
*772 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Following the issuance of our decision in this case, Mr. Hubbard filed a motion for rehearing. As authority for the motion, Mr. Hubbard cited to Ward v. State, 655 So.2d 1290 (Fla. 5th DCA 1995). On the authority of Ward we grant rehearing, withdraw our previous decision, and substitute the following in its place.
Mr. Hubbard was charged with committing aggravated child abuse[1] upon his girlfriend's two-year-old son. The matter went to trial and the jury found Mr. Hubbard guilty as charged. He contends, for the first time on appeal, that he is entitled to receive a new trial because the trial court issued improper jury instructions on the charged offense of aggravated child abuse and the lesser included offense of child abuse. Our review of the record reveals that the trial court's instructions were erroneous.
The issuance of "an incomplete and inaccurate instruction on the law is fundamental error where the error relates to the elements of the criminal offense." Ward v. State, 655 So.2d 1290, 1292 (Fla. 5th DCA 1995); see also Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994). Here, Mr. Hubbard was convicted of aggravated child abuse based on instructions which misstated the elements of both the charged offense and a lesser included offense. Given that there is a reasonable probability that the court's instruction affected the jury's verdict, we must reverse for a new trial. Accordingly, we vacate Mr. Hubbard's judgment and sentence and remand this matter to the trial court for a new trial.
JUDGMENT and SENTENCE VACATED, and CAUSE REMANDED FOR NEW TRIAL.
ANTOON, C.J., DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 827.03(2), Fla. Stat. (1997).