783 So.2d 1102 (2001)
Terry Lyn NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3216.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Terry Lyn Neal, appeals a jury verdict finding him guilty of armed robbery, attempted armed robbery, attempted felony murder, and aggravated battery with a deadly weapon. Neal also appeals the court's denial of his motion for a new trial and his judgment and sentence of 127.5 months in the Department of Corrections. We find no merit in his points on appeal *1103 except for his claim that the jury was erroneously instructed on the crime of attempted felony murder.
Neal claims that the trial court erred when it instructed the jury on attempted felony murder because the instruction failed to track section 782.051(1), Florida Statutes (1999). Instead, it was based upon the common-law definition of felony murder, which was overturned in State v. Gray, 654 So.2d 552 (Fla.1995).[1]See Standard Jury Instructions in Criminal Cases (94-1), 639 So.2d 602, 602-03 (Fla.1994); Standard Jury Instructions in Criminal Cases (93-1), 636 So.2d 502, 504-05 (Fla. 1994).
In Amlotte v. State, 456 So.2d 448, 449 (Fla.1984), abrogated by, State v. Gray, 654 So.2d 552, our supreme court determined that the common-law elements of attempted felony murder were
(1) perpetrating, or attempting to perpetrate an enumerated felony and,
(2) during the commission of the enumerated felony, committing an intentional overt act, or aiding and abetting the commission of an intentional overt act, which could, but does not, cause the death of another.
The court reasoned that because the attempt occurs during the commission of a felony, the law presumes the existence of the specific intent required to prove attempt, as it does under the felony murder doctrine. See Gray, 654 So.2d at 553 (citing Amlotte, 456 So.2d at 449-50).
However, our supreme court reversed itself in Gray by declaring that the crime of attempted felony murder did not exist. In response to Gray, the Legislature passed section 782.051(1) again making attempted felony murder a crime. Section 782.051(1) provides that:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life .... (emphasis added).
In the instant case, the court gave the following instruction for attempted felony murder (count III).
Before you can find the defendant guilty of Attempted Felony Murder as charged in count III of the information, the State must prove the following three elements beyond a reasonable doubt:
1. Vaughn E. Decker is not dead.
2. The attempted murder occurred as a consequence of and while Terry Lyn Neal or an accomplice were attempting to commit robbery or were escaping from the immediate scene of the attempted robbery as charged in count II.
3. The Attempted Felony Murder was attempted on Vaughn E. Decker by a person other than Terry Lyn Neal; but both Terry Lyn Neal and the person who attempted Felony Murder were principals in the commission of the attempted felony of robbery.
In order to convict of Attempted Felony Murder, it is not necessary for the state to prove that the defendant had a premeditated design or intent to kill.
This instruction closely tracks the pre-Gray standard jury instruction for attempted felony murder. See generally Standard Jury Instructions in Criminal *1104 Cases (94-1), 639 So.2d at 602-03; Standard Jury Instructions in Criminal Cases (93-1), 636 So.2d at 504-05. Further, the instruction given to the instant jury failed to mention the phrase "that is not an essential element of the felony," as written in the statute. Charging the jury with "an incomplete and inaccurate instruction on the law is fundamental error where the error relates to the elements of the criminal offense." Hubbard v. State, 751 So.2d 771, 772 (Fla. 5th DCA 2000) (quoting Ward v. State, 655 So.2d 1290, 1291-92 (Fla. 5th DCA 1995) (citing State v. Delva, 575 So.2d 643 (Fla.1991); Brumbley v. State, 453 So.2d 381 (Fla.1984); Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995); Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994))). We agree with Neal's assertion that this phrase is a necessary element of the crime.
Accordingly, because the instruction in the instant case did not track the language of the statute and because the State indicated in its brief that the "trial court may have misinstructed the jury," we find it necessary to remand for a new trial on count III. See generally Hubbard, 751 So.2d at 772.
We affirm the convictions on counts I, II, and IV, but vacate the judgment of guilt on Count III and remand for a new trial and resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] We note there are no standard jury instructions for the newly defined attempted felony murder.