800 So.2d 734 (2001)
Christopher KING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3801.
District Court of Appeal of Florida, Fifth District.
December 7, 2001.
*735 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Christopher King appeals the judgment and sentence imposed following the return of a jury verdict finding him guilty of manslaughter, attempted felony murder and attempted robbery with a firearm. Of the issues King raises, we find the only one that merits discussion is whether the trial court committed fundamental and reversible error when it gave an incomplete attempted felony murder instruction to the *736 jury. We reverse King's conviction for attempted felony murder and affirm his convictions for manslaughter and attempted robbery with a firearm.

The Facts
Although there are two versions of what happened in the instant case, for purposes of resolution of the issue before us, the facts are not complicated and recitation of them in detail is not necessary. The incident that gave rise to the criminal charges against King and his co-defendants was either a drug deal gone awry (King's version) or it was a robbery from the start (the State's version). In any case, suffice it to say that one person was shot and killed and another was seriously wounded by King's co-defendants. King was arrested for his part in the episode and was charged by amended indictment with first degree murder, attempted felony murder and attempted robbery with a firearm. While he admitted that he had gone to the house where the shootings occurred in order to sell drugs, King consistently denied knowing that a robbery was going to take place or that there was a gun present.
King did not object to the jury instruction the trial court gave pertaining to the charge of attempted felony murder which failed to instruct the jury that they had to find, pursuant to section 782.051(1), Florida Statutes (1999), that King committed "an intentional act that is not an essential element of the felony." The jury returned verdicts of guilty to the lesser charge of manslaughter, attempted felony murder and attempted robbery with a firearm. King argues that the trial court's instruction on attempted felony murder constitutes fundamental error because, without the quoted language from section 782.051(1), it is incomplete. In order to decide this issue, we will discuss the contemporaneous objection rule as it applies to erroneous jury instructions; analyze the particular instruction given in the instant case that King contends is incomplete and constitutes fundamental error; and apply the pertinent legal principles to the facts of the instant case.

The Contemporaneous Objection Rule Applied To Erroneous Jury Instructions
Errors in jury instructions are subject to the contemporaneous objection rule. State v. Delva, 575 So.2d 643 (Fla. 1991). In Castor v. State, 365 So.2d 701 (Fla.1978), the court stated the public policy concerns which militate in favor of continuing adherence of the contemporaneous objection rule in circumstances where an erroneous or incomplete jury instruction is given:
As a general matter, a reviewing court will not consider points raised for the first time on appeal. Dorminey v. State, 314 So.2d 134 (Fla.1975). Where the alleged error is giving or failing to give a particular jury instruction, we have invariably required the assertion of a timely objection. Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); see Williams v. State, 285 So.2d 13 (Fla. 1973). The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
365 So.2d at 703. Moreover, the preservation of error requirement "more precisely frames the issue, arguments, and factual record and thereby facilitates appellate review," Duhart v. State, 548 So.2d 302, 303 (Fla. 5th DCA 1989), and it "prohibits counsel from attempting to gain a tactical *737 advantage by allowing unknown errors to go undetected and then seeking a second trial if the first decision is adverse to the client." J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998) (citation omitted).
Thus, if a contemporaneous objection is not made to the erroneous instruction during trial, appellate review is waived unless the error constitutes fundamental error. Delva; Castor. Fundamental error has been defined as "error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." McDonald v. State, 743 So.2d 501, 505 (Fla. 1999) quoting Urbin v. State, 714 So.2d 411, 418 n. 8 (Fla.1998) (quoting Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)); see Card v. State, 26 Fla. L. Weekly S670, ___ So.2d ___, 2001 WL 1194257 (Fla. Oct. 11, 2001); Delva, 575 So.2d at 644-45.
Fundamental error occurs when a trial court fails to instruct a jury on an essential element of the crime charged. Davis v. State, 26 Fla. L. Weekly D2385, ___ So.2d ___, 2001 WL 1190941 (Fla. 4th DCA Oct.3, 2001); Anderson v. State, 780 So.2d 1012 (Fla. 4th DCA 2001). If the trial court issues an incomplete or inaccurate jury instruction, fundamental error may occur if the error relates to an element of the crime. Neal v. State, 783 So.2d 1102 (Fla. 5th DCA 2001); Anderson; Hubbard v. State, 751 So.2d 771 (Fla. 5th DCA 2000); Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996). However, in order for the error in the instruction to be fundamental, it must pertain to an element of the crime that is a disputed issue in the case. Duncan v. State, 703 So.2d 1069 (Fla. 5th DCA 1997), rev. denied, 718 So.2d 167 (Fla.1998); Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994); Delva.[1]
Once the error is deemed fundamental, it may be reviewed on appeal. In order to determine whether fundamental error was committed in the instant case, we next analyze the instruction to determine whether the omission pertains to an element of the crime of attempted felony murder.

The Erroneous Instruction In The Instant Case
In order to determine whether the jury instruction in the instant case constitutes fundamental error because it is incomplete, we must refer to section 782.051(1), Florida Statutes (1999), which provides:
(1) Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. *738 775.083, or s. 775.084, which is an offense ranked in level 9 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.
(Emphasis added). The underlined portion of the statute was left out of the instruction which the trial court gave the jury in this case:
Before you can find the defendant guilty of attempted felony murder, the State must prove the following two elements beyond a reasonable doubt:
One, Christopher Aaron King was engaged in the perpetration or attempted perpetration of a robbery.
Two, during the perpetration or attempted perpetration of a robbery Christopher Aaron King committed or aided or abetted in the commission of an intentional act that could have, but did not cause the death of Anthony Wayne Shirley.
The instruction as given fairly tracked the common law elements of attempted felony murder as set out in Amlotte v. State, 456 So.2d 448 (Fla.1984), abrogated by State v. Gray, 654 So.2d 552 (Fla.1995). The reliance on the common law elements as a basis for the instruction was error.[2] After the supreme court in Gray found that attempted first degree felony murder was a nonexistent offense, the Legislature reenacted the offense of attempted felony murder and included for the first time the phrase "that is not an essential element of the felony." See § 782.051, Fla. Stat. (1999). This court has held that this phrase "is a necessary element of the crime," and the failure to include this phrase when giving an attempted felony murder instruction required reversal. Neal. The decision in Neal reveals that the trial court similarly failed to include the phrase "that is not an essential element of the felony" and this court held that the instruction as given was incomplete and inaccurate insofar as it failed to track the statutory language. Thus the case was remanded for a new trial on the attempted felony murder count. Having determined that the jury instruction failed to include an essential element of the offense, we must next determine whether that element was an issue in the instant case.

Legal Analysis Of The Law And The Facts
In the instant case, the State's contention is that because there was no dispute regarding the element which was not included in the instruction, the error in not instructing on this element is not fundamental. Thus, it concludes, the contemporaneous objection rule bars review of the issue as King's attorney did not object to the erroneous instruction. We disagree.
The omitted element was pertinent and crucial to what the jury had to have found in order to convict King of attempted felony murder. While the State is correct that King's theory of defense was that he did not know a robbery was going to occur, the fact remains that the offense of felony murder requires that the jury find not only that King had attempted the robbery, but also that King had committed an intentional act apart from one which was an essential element of the attempted robbery which could have, but did not cause the victim to die. While it was an accepted fact that the robbery had been attempted and one issue for the jury was whether King knew about the robbery and participated *739 in it, the jury still had to find that King committed (or aided and abetted) an intentional act apart therefrom which could have caused the victim's death. They were not so instructed. Accordingly, we conclude that a contemporaneous objection to preserve the issue for appellate review was not necessary because the error in the instruction is fundamental requiring reversal of King's conviction for attempted felony murder.

Conclusion
We conclude that fundamental reversible error occurred when the trial court failed to instruct the jury on one of the elements of the offense of attempted felony murder. We, therefore, reverse King's conviction for attempted felony murder and remand for a new trial on that charge. We affirm King's convictions for manslaughter and attempted robbery with a firearm.
REVERSED in part; AFFIRMED in part.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.
NOTES
[1] In Delva, the supreme court stated the general rule and gave some examples of cases where it has been applied:

Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal. E.g., Stewart [v. State, 420 So.2d 862 (1982)] (trial court did not instruct on intent to permanently deprive as element of robbery, but defendant admitted at trial that he stole the victim's personal property); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984) (no instruction on elements of robbery, but facts of robberies conceded with mistaken identity being the only contested issue), review denied, 467 So.2d 1000 (Fla.1985); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981) (same as Morton), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
575 So.2d at 645.
[2] The parties obviously turned to the common law elements upon discovering that the current standard jury instructions do not include an instruction on this offense. The current standard jury instructions merely note, "The instructions on attempted first- and third-degree felony murder have been deleted. See State v. Gray, 654 So.2d 552 (Fla.1995)." Fla. Std. Jury Instr. (Crim.) Attempted Felony Murder.