814 So.2d 1103 (2002)
Karl Lee THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2369.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
Rehearing Denied May 15, 2002.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Karl Lee Thompson, appeals his convictions for one count of attempted felony murder and two counts of robbery with a firearm. We reverse the attempted felony murder conviction because the jury instruction with regard to that count was fundamentally erroneous.
William West and Rosellen Rumph were the only two employees working at Budget *1104 Auto Insurance in Dania Beach on Saturday, January 30, 1999. At approximately 10:30 am, a man walked through the front door of the office and produced a revolver and a roll of duct tape. He ordered Rumph to tie up West and then herself. The man searched the store and demanded direction toward the business's money. At some point, he placed the revolver on top of West's desk and began searching the drawers. West made a gesture toward the man, which caused him to rearm himself and fire two shots at West. One of the shots hit West in the head, causing him to fall to the ground. The man took both of the victims' money and jewelry and Rumph's purse. He then took West's keys and drove off in West's pick-up truck.
Thompson was arrested and charged with two counts of robbery with a firearm in violation of section 812.13(2)(a), Florida Statutes (1999), and one count of attempted felony murder in violation of section 782.051(1), Florida Statutes (1999). Both West and Rumph identified Thompson as the man who robbed the office and shot West. The police were unable to find either fingerprints or DNA evidence connecting Thompson to the crime. As a defense, Thompson claimed mistaken identity.
At the end of the trial, the court read the following instruction for the crime of attempted felony murder:
I now instruct you on the circumstances that must be proved before the defendant may be found guilty of attempted felony murder with a firearm or any lesser included crime.
Now, as to count one, before you can find the defendant guilty of attempted felony murder with a firearm, the State must prove the following two elements beyond a reasonable doubt.
Number one, the defendant did perpetrate or attempt to perpetrate a robbery. Now, robbery will be defined for you in the Court's instructions to you as to counts two and three.
Number two, in furtherance of said perpetration or said attempt, the defendant did commit, aid or abet an intentional act, to wit: The shooting of William West with a handgun or a firearm.

(Emphasis added).
Thompson did not object to this instruction at trial. We recognize that jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." State v. Delva, 575 So.2d 643, 644 (Fla.1991). "`Fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.'" Id. at 645 (citing Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). The error is fundamental when a trial court fails to instruct a jury on an essential element of the crime charged. Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001). Notwithstanding this, "failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." Delva, 575 So.2d at 645. We hold that the trial court failed to instruct the jury on an essential and disputed element of attempted felony murder, inasmuch as Thompson's defense of mistaken identity required the state to prove every element charged. Based on the following, we find that this error was fundamental and reverse.
The statutory crime of attempted felony murder is relatively new. Originally, in setting forth the elements of the common law version of attempted felony murder, our supreme court held that:
whenever an individual perpetrates or attempts to perpetrate an enumerated felony, and during the commission of the *1105 felony the individual commits, aids, or abets a specific overt act which could, but does not, cause the death of another, that individual will have committed the crime of attempted felony murder.
Amlotte v. State, 456 So.2d 448, 449-50 (Fla.1984), abrogated by, State v. Gray, 654 So.2d 552 (Fla.1995). The Amlotte court reasoned that "because the attempt occurs during the commission of a felony, the law, as under the felony murder doctrine, presumes the existence of the specific intent required to prove attempt." Id. at 450.
However, in Gray, the supreme court reversed itself, reasoning that the "legal fictions required to support the intent for felony murder are simply too great" to extend to attempted felony murder. 654 So.2d at 554. Thus, the court declared the crime of attempted felony murder did not exist. Id. The legislature responded by enacting section 782.051(1), thereby making attempted felony murder a crime once again. Section 782.051(1) provides:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree....
(Emphasis added).
The legislature, recognizing the inherent problems with the elements of the abolished common law crime, expressly included the requirement that the intentional act committed by the perpetrator resulting in the attempted felony murder charge not be an essential element of the underlying felony. Thompson claims that the failure of the trial court to include the language "that is not an essential element of the felony"renders the instruction fundamentally flawed and mandates reversal. We agree.
Although this is our first opportunity to discuss this issue, the fifth district has recently ruled on the validity of similar attempted felony murder jury instructions in Neal v. State, 783 So.2d 1102 (Fla. 5th DCA 2001),[1] and then King v. State, 800 So.2d 734 (Fla. 5th DCA 2001).[2] Both panels focused on the absence of the statutory phrase "that is not an essential element *1106 of the felony." Each held that this language "`is a necessary element of the crime,' and the failure to include this phrase when giving an attempted felony murder instruction required reversal." King, 800 So.2d at 738 (citing Neal, 783 So.2d at 1104).
The King court elaborated on the importance of the omitted language to the jury's determination:
[T]he fact remains that the offense of felony murder requires that the jury find not only that King had attempted the robbery, but also that King had committed an intentional act apart from one which was an essential element of the attempted robbery which could have, but did not cause the victim to die. While it was an accepted fact that the robbery had been attempted and one issue for the jury was whether King knew about the robbery and participated in it, the jury still had to find that King committed (or aided and abetted) an intentional act apart therefrom which could have caused the victim's death. They were not so instructed.
Id. at 738-39.
In this case, the jury instruction is somewhat different than those read in Neal and King. It appears that the trial court in the present case attempted to establish the requirement of an intentional act which is not an essential element of the felony by instructing the jury that the act was "the shooting of William West." Although closer to a complete instruction than the previous two attempts in Neal and King, we believe the language used by the trial court was still insufficient to inform the jury of its multi-tiered responsibility.
The state argues that, when read in conjunction with the robbery instruction, the attempted felony murder instruction is satisfactory as it delineates the act of shooting, which is not an essential element of the robbery. However, reading the two instructions together demonstrates the confusing and misleading nature of the instruction at issue.
One of the elements of the underlying robbery, as explained in the robbery instruction, is that "force, violence, assault or putting in fear was used in the course of the taking." Such "force, violence, assault or putting in fear" could have been "the shooting of William West," thereby making the intentional act of the attempted felony murder instruction one of the essential elements of the underlying felony. This is the exact result that the Gray court sought to prevent and the reason why section 782.051(1) was so carefully drafted. Pursuant to the statute, a jury must first find the existence of a felony, and then determine whether an intentional act independent of the felony was committed.
We are mindful of the fact that no standard jury instructions exist for the crime of attempted felony murder. Despite this, a correct jury instruction is not necessarily required to track the language of the standard instruction or the statute. If the instructions, as a whole, fairly state the applicable law, the failure to give a particular instruction is not error. CSX Transp., Inc. v. Whittler, 584 So.2d 579, 586 (Fla. 4th DCA 1991). However, reversal is appropriate if "the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury." Barton Protective Servs., Inc. v. Faber, 745 So.2d 968 (Fla. 4th DCA 1999).
Here, the jury instruction used by the trial court, although delineating "the shooting of William West," nonetheless may have misled the jury to believe that the force used to complete the robbery was, in fact, "the shooting of William *1107 West." Therefore, the instruction may not have been clear to the jury that it "still had to find that [Thompson] committed... an intentional act apart [from the robbery] which could have caused the victim's death." See King, 800 So.2d at 738-39. This confusion requires reversal.
Accordingly, we reverse Thompson's conviction for attempted felony murder and remand for a new trial on that charge. We affirm Thompson's convictions for robbery with a firearm. We find Thompson's additional points on appeal to be without merit.
AFFIRMED in part; REVERSED in part; and REMANDED.
STONE, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] In Neal, the court gave the following instruction for attempted felony murder:

Before you can find the defendant guilty of Attempted Felony murder as charged in count III of the information, the State must prove the following three elements beyond a reasonable doubt:
1. Vaughn E. Decker is not dead.
2. The attempted murder occurred as a consequence of and while Terry Lyn Neal or an accomplice were attempting to commit robbery or were escaping from the immediate scene of the attempted robbery as charged in count II.
3. The Attempted Felony Murder was attempted on Vaughn E. Decker by a person other than Terry Lyn Neal; but both Terry Lyn Neal and the person who attempted Felony Murder were principals in the commission of the attempted felony of robbery. In order to convict of Attempted Felony Murder, it is not necessary for the state to prove that the defendant had a premeditated design or intent to kill.
783 So.2d at 1103.
[2] The attempted felony murder instruction read in King is as follows:

Before you can find the defendant guilty of attempted felony murder, the State must prove the following two elements beyond a reasonable doubt:
One, Christopher Aaron King was engaged in the perpetration or attempted perpetration of a robbery.
Two, during the perpetration or attempted perpetration of a robbery Christopher Aaron King committed or aided or abetted in the commission of an intentional act that could have, but did not cause the death of Anthony Wayne Shirley.
800 So.2d at 738.