VAN NORTWICK, J.
Patrick Poole, an inmate convicted of burglary and sexual battery with the use of, or threat of the use of, a dangerous weapon, challenges the denial of his motion for post-conviction relief filed under the authority of rule 3.850, Florida Rules of Criminal Procedure. Appellant timely filed a motion raising numerous issues, all of which were denied by the circuit court without benefit of an evidentiary hearing. Poole appealed and this court affirmed the denial of relief as to all issues except one, Poole’s allegation that his trial counsel rendered ineffective assistance when he failed to object to an allegedly erroneous jury instruction. Poole v. State, 746 So.2d 1207 (Fla. 1st DCA 1999). This court found that the trial court had failed to specifically considered this issue and, because the record on appeal did not refute the claim, the cause was remanded. Id.
On remand, the trial court again entered an order denying relief finding that “[tjhere was no error by counsel not objecting to the instructions given by the court since the jury instructions were proper.” Poole appealed once more, and this court again reversed, explaining:
the verdict form reflects appellant was charged with committing sexual battery upon a person 12 years of age or older by using or threatening to use a deadly weapon in violation of section 794.011(3), Florida Statutes (1993). However, the trial court instructed the jury on section 794.011(4), Florida Statutes (1993)(sexu-al battery on a person 12 years of age or older without that person’s consent and under specified circumstances). The former crime is a life felony, and the latter is a first-degree felony.
Poole v. State, 778 So.2d 1048 (Fla. 1st DCA 2001)(record citations omitted). This court instructed the trial court to conduct an evidentiary hearing on remand the second time or to attach portions of the record conclusively refuting Poole’s claim that defense counsel provided ineffective assistance by failing to object to the allegedly erroneous instruction. Id.
*431 On remand, the trial court did not hold an evidentiary hearing, but instead entered an order denying relief on the ground that appellant failed to demonstrate prejudice, as required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court attached to its order denying relief excerpts from the trial transcript and other matters of record. In concluding that appellant failed to demonstrate prejudice, the trial court observed (i) that the instruction actually given in Poole’s trial and the instruction which should have been given are quite similar, (ii) that the defense at trial was one of misidentifieation, and (iii) that it was uncontroverted that a sexual battery occurred and that a knife was used in furtherance of that offense. Thus, the trial court concluded that there was no reasonable probability that appellant would have prevailed at trial had the proper jury instruction been given.
While Poole’s defense at trial may have been one of misidentification, it is not apparent from the record excerpts appended to the order under review that no defense was presented regarding the use of a deadly weapon. Moreover, the jury instruction actually given to the jury, while quite similar to the one which should have been given, does not contain an element regarding the use of, or the threat of use of, a deadly weapon, nor does the instruction given define “deadly weapon.” Thus, the instruction given does differ significantly from the one which should have been given.
No objection was made to the sexual battery jury instruction given at trial. Thus, the issue was not preserved for appeal on direct review of appellant’s conviction and sentence, absent the demonstration of fundamental error. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991). An incomplete and inaccurate instruction on the law may constitute fundamental error, where the error relates to the elements of the criminal offense charged. See Mercer v. State, 656 So.2d 555, 556 (Fla. 1st DCA 1995); see also Hubbard v. State, 751 So.2d 771, 772 (Fla. 5th DCA 2000).[1] Here, the jury instruction actually given omitted an element of the offense for which appellant was charged and ultimately convicted. The portions of the record attached do not conclusively refute appellant’s claim that his trial counsel rendered ineffective assistance and that prejudice was suffered by the failure to object to this instruction. Accordingly, the order denying relief is REVERSED, and the cause is REMANDED for an evidentiary hearing.
ERVIN and BROWNING, JJ., concur.

. Because the case before us is a collateral challenge raising an ineffective assistance of counsel claim, and does not specifically raise an erroneous jury instruction claim, we do not address the issue of when an erroneous jury instruction amounts to fundamental error. Compare Leveritt v. State, 817 So.2d 891 (Fla. 1st DCA 2002), and Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002).