MAY, J.
 

 The defendant appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Among the issues raised, he alleged ineffective assistance of counsel based upon an
 
 *746
 
 improper Miranda
 
 [1]
 
 warning and his counsel’s failure to object to an incomplete jury instruction. We affirm the court’s order on the
 
 Miranda
 
 issue.
 
 See Anthony v. State,
 
 980 So.2d 610, 612 (Fla. 4th DCA 2008) (stating that trial counsel was not ineffective by failing to raise the
 
 Miranda
 
 issue prior to the Roberts
 
 [2]
 
 decision). However, we reverse and remand the case on the jury instruction issue for either the attachment of relevant portions of the record that conclusively refute the defendant’s claims or an evidentiary hearing. We find no merit in the other issues raised.
 

 The defendant alleges his trial counsel was ineffective when he failed “to object, contest, and preserve for intelligent appellate review, the trial court’s erroneous incomplete jury instruction on manslaughter.” The defendant was charged with murder in the second degree with a firearm. During the charge conference, defense counsel requested instructions on manslaughter including justifiable and excusable homicide. According to the record before us, the trial court instructed the jury as follows:
 

 The Court: If you decide that, a main accusation is not proven beyond a reasonable doubt, you need next to decide if the defendant was guilty of the lesser included crime. The lesser included crime [of] Murder in the Second Degree with a firearm is Manslaughter. Before you can find the defendant guilty of manslaughter the state must prove the following elements beyond a reasonable doubt:
 

 1. Ezra Buckner is dead.
 

 2. The death was caused by Demetrius Woody. A) Intentionally Caused the death of Ezra Buckner, or B) The death was caused by the culpable negligence of Demetrius Lamar Woody. However, the defendant cannot be guilty of manslaughter if the defendant was justified or excusable homicide.
 

 The defendant claims trial counsel was ineffective in failing to object when the trial court omitted the definitions of justifiable and excusable homicide from the instruction. He argues that had the proper instruction been given, the jury could have found him not guilty based on his claim of self-defense. Here, the trial court summarily denied the ineffective assistance of counsel claim because the jury instruction issue could have been raised on direct appeal.
 
 [3]
 

 As a general rule, where manslaughter appears on the verdict form, the jury must be instructed as to the definitions of justifiable and excusable homicide because manslaughter is a residual offense, which can be fully defined only by exclusion of the properly explained defenses of excusable and justifiable homicide.
 
 Avila v. State,
 
 745 So.2d 983, 984 (Fla. 4th DCA 1999). “The only exception ... is where defense counsel affirmatively agreed to or requested the incomplete instruction.”
 
 State v. Lucas,
 
 645 So.2d 425, 427 (Fla.1994) (citing
 
 Armstrong v. State,
 
 579 So.2d 734 (Fla.1991)).
 

 Although the record before us reveals that the definitions were requested, it does not reflect whether the trial court gave the full instruction including the definitions of excusable and justifiable homi
 
 *747
 
 cide or whether defense counsel objected to or agreed to the modified instruction.
 
 [4]
 
 The trial court summarily denied this claim. Such a resolution is proper only where the claims are either facially invalid or conclusively refuted by the record.
 
 Willacy v. State,
 
 967 So.2d 131, 138 (Fla.2007).
 

 This court has previously reversed a summary denial and ordered an evidentia-ry hearing on a Rule 3.850 motion where the trial court had, allegedly due to trial counsel’s mistake, failed to instruct on excusable homicide as part of the manslaughter instruction.
 
 See Platt v. State,
 
 697 So.2d 989 (Fla. 4th DCA 1997). For the reasons explained in
 
 Platt,
 
 we reverse and remand the summary denial for attachment of the record conclusively refuting the defendant’s claim or for an evidentiary hearing on the issue.
 

 Affirmed in part; Reversed in part and Remanded.
 

 GROSS, C.J., and LEVINE, J., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 .
 
 Roberts v. State,
 
 874 So.2d 1225 (Fla. 4th DCA 2004),
 
 review denied, State v. West,
 
 892 So.2d 1014 (Fla.2005).
 

 [3]
 

 .The State claims the defendant has couched a trial court error under the guise of an ineffective assistance of counsel claim and it was properly denied. We disagree. The defendant clearly alleged ineffective assistance of counsel in a failure to object to the incomplete instruction.
 

 [4]
 

 . In fact, in a prior petition before this court, the defendant alleged that counsel "agreed to omit the excusable or justifiable instruction only after jurors were read the erroneous instruction,” which affirmatively waived the error. That allegation is not made in the current appeal.