# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1508
L.T. Case No. 2020-CF-001402

———————————————

TROY WILLIAM ARMSTRONG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Putnam County.
Alicia R. Washington, Judge.

Jennifer Walker Cogdill, Fleming Island, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Roberts J. Bradford, Jr., Assistant Attorney General, Daytona Beach, for Appellee.

April 24, 2026

MacIver, J.

Troy Armstrong raises multiple issues challenging his judgment and sentence for multiple counts of sexual battery and lewd and lascivious molestation. Among Armstrong's assertions is that he is wrongly convicted of violating section 794.011(2)(a), Florida Statutes (2020), by penetrating or having union with the victim's anus with his mouth (Count II). Armstrong asserts and the State concedes that union is not sufficient for this specific

charge[1] and there was no evidence of anal penetration. On the State's concession of error, we reverse Armstrong's conviction for Count II.

We reject Armstrong's remaining assertions and affirm the remaining counts without further discussion.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

LAMBERT and KILBANE, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

---

[1] Sexual battery is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . . ." § 794.011(1)(h), Fla. Stat. (2020). Thus, where the contact is made by something other than a sexual organ, in this case Armstrong's mouth, penetration is an element of the charge. *See Johnson v. State*, 632 So. 2d 1062 (Fla. 5th DCA 1994).