780 So.2d 1012 (2001)
Eston E. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2389.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
*1013 Carey Haughwout, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia and Consuelo Maingot, Assistant Attorney Generals, Fort Lauderdale, for appellee.
STONE, J.
We reverse Anderson's conviction for violation of section 316.1935(2), Florida Statutes (Supp.1998), felony fleeing or eluding a law enforcement officer, because the jury was erroneously instructed on the elements of the offense.
At trial, Officer Pope testified that while on patrol in a marked Lake Worth police vehicle, he observed Anderson commit a traffic infraction. Pope pulled in behind Anderson's car and, turning on his emergency lights, tried to conduct a traffic stop. Pope also activated his siren to let out a "brief wail." Anderson did not stop but continued on his way, proceeding through a stop sign without stopping completely.
Pope continued to follow Anderson as he approached another intersection, where Anderson again failed to come to a complete stop. Pope hit his siren again to make a "yelp or slow bursting sound." According to Pope, Anderson's speed at the time was approximately twenty-five to thirty miles per hour. Pope continued following Anderson until he eventually came to a stop, several blocks later, in the driveway of his residence.
After parking, Anderson got out and began yelling and demanding to speak with a supervisor. Pope and Officer Donte, who was assisting, drew their guns. Anderson was told to place his hands on the roof of the car, which he did. Donte approached Anderson and told him he was going to handcuff him. Anderson began to flail his arms to keep from being handcuffed. Pope tried to assist Donte by physically grabbing Anderson, but Anderson broke loose and ran toward the front door of the house. Anderson was unable to get inside the house because Pope caught him at the front door.
At trial, Officer Donte admitted that he had previously stated in his deposition that he never felt Anderson was trying to get away from him. When Pope later asked Anderson why he did not stop, Anderson said that he thought Pope was a different police officer with whom Anderson had had previous problems. According to Anderson, he had had run-ins with another identified officer of that department and wanted to make sure that he was protected by the presence of witnesses when he was stopped.
In charging the jury, the trial judge read the following instruction on fleeing and eluding:
As to Count I, before you can find the defendant guilty of fleeing or attempting to allude [sic] a police officer in a marked unit, the State must have proven these elements beyond a reasonable doubt. That Eston Anderson was operating a motor vehicle in Florida; that a duly-authorized law enforcement officer directed Eston Anderson to stop or remained stopped; that Eston Anderson, knowing he had been directed to stop by a duly-authorized law enforcement officer, willfully fled in attempt to allude [sic] the police officer after having stopped; and that the law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with sirens and lights activated.
(emphasis added)
We find no error in the trial court's denial of Anderson's motion for judgment of acquittal, notwithstanding Officer Donte's belief that Anderson was not trying to get away, as the state is not bound by his legal conclusion. See Knox v. State, 689 So.2d 1224 (Fla. 5th DCA 1997).
We reverse, however, as the jury instruction included an additional non-existent *1014 element to the crime by providing that Anderson could be found guilty of the offense if he fled or attempted to elude "after having stopped."
The statute at issue, section 316.1935, provides for the misdemeanor and third-degree felony commission of the offense of fleeing or attempting to elude a law enforcement officer as follows:
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order, or having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, ...
(2) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle ... commits a felony of the third degree, ...
§ 316.1935(1) and (2), Fla.Stat.
Subsection (1) of the statute provides that a misdemeanor is committed if the defendant, knowing he had been directed to stop, either (1) fails to stop or (2) having stopped, flees in an attempt to elude the officer. See § 316.1935(1), Fla. Stat. Subsection (2), which defines the third-degree felony, provides that the offense is committed when the person "willfully flees or attempts to elude" and the police officer is in a jurisdictionally marked vehicle with sirens and lights activated. See § 316.1935(2), Fla.Stat. Notably, the language "having stopped, flees in an attempt to elude ..." does not appear in subsection (2). While evidence that a defendant fled after having stopped may be proof as to commission of the crime described in subsection (2), it is not an element of the felony offense. Furthermore, the state neither pled nor argued that Anderson was guilty of the crime by fleeing after having stopped; rather, it charged Anderson with fleeing or attempting to elude and argued that Anderson's failure to stop formed the basis for the crime. Therefore, we must agree with Appellant, that the jury was erroneously instructed on a non-existent element of the crime which was neither pled nor proven.
If error is found in the jury instruction, it must be fundamental to require reversal, as Anderson's objection to the jury instruction given in this case was not the precise objection argued below.[1] In order to preserve error, the precise grounds asserted on appeal must have been argued to the trial court. See § 924.051(1)(b), Fla.Stat.; Castor v. State, 365 So.2d 701 (Fla.1978); Jackson v. State, 738 So.2d 382 (Fla. 4th DCA 1999).
Fundamental error occurs where the trial court fails to instruct the jury on the elements of the crime charged. See State v. Jones, 377 So.2d 1163 (Fla.1979). It has also been held that "issuance of an incomplete and inaccurate instruction on the law is fundamental error where the error relates to the elements of the criminal offense." Hubbard v. State, 751 So.2d 771, 772 (Fla. 5th DCA 2000) (quoting Ward v. State, 655 So.2d 1290 (Fla. 5th DCA 1995)). However, only where the erroneous instruction pertains to a disputed element of the crime will the error be deemed fundamental. See Johnson v. State, 632 So.2d 1062 (Fla. 5th DCA 1994)(citing Jones); Williams v. State, 400 So.2d 542, 545 (Fla. 3d DCA 1981). It follows, therefore, that fundamental error occurred in this case when the trial court instructed the jury on a non-existent element of the crime which concerned the disputed element of whether Anderson's actions constituted fleeing or attempting to elude.
Finally, even if fundamental, the error is subject to the harmless error rule. *1015 See Brown v. State, 501 So.2d 1343 (Fla. 3d DCA 1987), opinion partially approved on this ground and partially quashed on other grounds, Brown v. State, 521 So.2d 110 (Fla.1988). Here, we find that the erroneous instruction could not be deemed harmless as the jury may have believed that Anderson did not intend to flee or elude when he failed to stop, but could reasonably have been misled into believing they could convict on the third-degree felony if Anderson, having stopped, then fled or attempted to elude the law enforcement officer when he broke free and ran to his door, facts which in this case supported his conviction on the companion charge of resisting arrest but would not support a charge of felony fleeing or eluding.
Accordingly, we reverse Anderson' conviction for the offense of third-degree felony fleeing or eluding and remand for a new trial on that charge.
GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] At trial, Anderson's objection was directed to inclusion of the language pertaining to willfully refusing to stop, not as to the use of the language complained of on appeal, "having stopped, fled in an attempt to elude."