872 So.2d 406 (2004)
Jimmy Lee SANFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1661.
District Court of Appeal of Florida, Fourth District.
May 5, 2004.
*407 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Sanford's convictions of three counts of attempted second-degree murder, shooting into an occupied vehicle, and aggravated fleeing and eluding, but write to address Sanford's argument that the trial court gave an incorrect jury instruction on aggravated fleeing and eluding.
Following a shooting, a sheriff's deputy heard a BOLO describing Sanford's car which, at that time, passed him. The deputy followed Sanford and activated his emergency lights. Sanford took a sharp turn and a fourteen minute car chase ensued. When Sanford stopped, there was an exchange of gunfire.
The aggravated fleeing and eluding charge, governed by section 316.1935(2), Florida Statutes (1998), in effect at the time of the crime, provides:
(2) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle ... with siren and lights activated commits a felony of the third degree.
Although the trial court gave the standard jury instruction, Sanford contends that the trial court's instruction to the jury erroneously added an element that was not set forth in subsection (2) of the statute. The court instructed:
[T]o prove the crime of Aggravated Fleeing to Elude a Law Enforcement Officer, the State must prove the following four elements beyond a reasonable doubt:
One, that Jimmy Lee Sanford is operating a motor vehicle upon a street or highway in Florida;
Two, that a duly authorized law enforcement officer ordered to stop and remain stopped;
Jimmy Lee Sanford, knowing he had been directed to stop by a duly authorized *408 law enforcement officer, willfully refused or failed to stop the vehicle in compliance with the order, or having stopped the vehicle, willfully fled in an attempt to elude the officer;

And four, the law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated.
(Emphasis added)
Relying on Anderson v. State, 780 So.2d 1012 (Fla. 4th DCA 2001), Sanford contends that the addition of the highlighted portion, which is not a stated element of felony fleeing, but is, instead, spelled out in section 316.1935(1) as an element of a misdemeanor, renders the jury instruction erroneous and that, notwithstanding the defense concurring in the given instruction, giving the instruction constitutes fundamental error. See id.
Anderson was a factually unique case. There, like here, the defendant was charged with felony fleeing and eluding under subsection (2). Unlike here, however, the following instruction was given:
... that a duly-authorized law enforcement officer directed Eston Anderson to stop or remained stopped; that Eston Anderson, knowing he had been directed to stop by a duly-authorized law enforcement officer, willfully fled in attempt to allude [sic] the police officer after having stopped....
Id. at 1013.
On the facts in Anderson, we concluded that the jury instruction prejudiced the defendant by adding an extra element in the language "having stopped, flees in an attempt to elude ..." where that language from section 316.1935, subsection (1)(misdemeanor) does not appear in the subsection (2)(felony). Id. There, unlike here, evidence showed that Anderson fled after stopping and being partially restrained and that the arresting officer acknowledged that he did not believe Anderson was trying to flee prior to stopping. Id. In fact, in Anderson, officers followed Anderson as he turned into his driveway, engaged him, and attempted to handcuff him as he exited the car. Id. Anderson then broke free and ran. Id.
On those facts, this court in Anderson opined:
the erroneous instruction could not be deemed harmless[1] as the jury may have believed that Anderson did not intend to flee or elude when he failed to stop, but could reasonably have been misled into believing they could convict on the third-degree felony if Anderson, having stopped, then fled or attempted to elude the law enforcement officer when he broke free and ran to his door, facts which in this case supported his conviction on the companion charge of resisting arrest but would not support a charge of felony fleeing or eluding.
Id. at 1015.
This case does not pose the concerns expressed in Anderson. In that case, Anderson was not charged with violating the statute by his act of fleeing after stopping. Id. Further, the state's theory in that the case involved a willful failure to stop, not flight in an attempt to elude after having stopped. Id. Contrary to the facts here, this court's concern was that Anderson risked being convicted of a third-degree felony fleeing and eluding offense solely upon proof of what occurred after he stopped. Id. Under those circumstances, *409 we concluded that the jury instruction was essentially inconsistent, in that Anderson could be convicted of the felony simply by fleeing after stopping, even if the state failed to prove that he was pursued with sirens and flashing lights. Id.
Here, not only is the instruction different, but there is also no risk that the jury was misled by the instruction.[2] Also different is that the present case involved a fourteen minute pursuit that spanned miles, after which Sanford stopped in the middle of the road, exited the car with a shotgun and, refusing to drop the gun after two requests by the officer, opened fire or, according to the defense witnesses, turned and began to walk or run toward his residence with the officer firing at him.
In the present case, even if the jury believed the defense witnesses, there is no risk that the jury would believe that the fleeing and eluding felony was committed solely by Sanford's act of leaving the car and attempting to go to his residence. We, therefore, reject Sanford's contention that Anderson mandates that a defendant who flees a marked vehicle with lights and siren engaged and subsequently stops and runs away, is excused by the latter act from the offense of aggravated fleeing and eluding or that his act of fleeing the scene is not a factor in committing the charged offense.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] We note that although we used the term "harmless," it is apparent, from the context of the opinion, that the court's concern was with whether the error in the instruction was prejudicial, as misleading, and not with consideration of "harmless error" application.
[2] Anderson's jury was charged as follows:

knowing he had been directed to stop by a duly-authorized law enforcement officer, willfully fled in an attempt to allude [sic] the police officer after having stopped.
* * *
Sanford's jury was charged:
knowing he had been directed to stop by a duly authorized law enforcement officer, willfully refused or failed to stop the vehicle in compliance with the order, or having stopped the vehicle, willfully fled in an attempt to elude the officer....