459 So.2d 322 (1984)
Eddie Leroy MORTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1191.
District Court of Appeal of Florida, Third District.
June 26, 1984.
Rehearing Denied November 2, 1984.
*323 Bennett H. Brummer, Public Defender; Kalter & Kutner, Miami, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.

ON REHEARING
DANIEL S. PEARSON, Judge.
The State's motion for rehearing is granted, and the panel opinion filed March 13, 1984, is withdrawn and the following opinion substituted therefor.
Morton was charged with three counts of robbery. At the conclusion of the trial, the court instructed the jury on the lesser-included offenses of the crimes charged, but inadvertently failed to instruct on any of the elements of robbery. Morton was found guilty of robbery on Count I and grand theft, a lesser-included offense of robbery, on Counts II and III. On appeal, Morton challenges his robbery conviction only, contending that the trial court's failure to instruct on any of the elements of robbery is fundamental error, excusing Morton's otherwise fatal failure to object to this omission. We disagree and affirm.
The rule of law applicable to this case is that it is not fundamental error to fail to instruct on an essential element of a crime where the existence of that essential element is not in genuine dispute. See Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983); Henderson v. State, 429 So.2d 1284 (Fla. 3d DCA 1983); Lewis v. State, 411 So.2d 880 (Fla. 3d DCA 1981), rev. denied, 418 So.2d 1279 (Fla. 1982); Leary v. State, 406 So.2d 1222 (Fla. 4th DCA 1981); Gibson v. State, 403 So.2d 1019 (Fla. 3d DCA 1981), rev. denied, 436 So.2d 32 (Fla. 1983); McMurtroy v. State, 400 So.2d 547 (Fla. 3d DCA), rev. denied, 408 So.2d 1094 (Fla. 1981); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983). Although the rule has been employed in the above-cited cases to defeat the claim of fundamental error where there has been a failure to instruct the jury on a single undisputed and thus immaterial element of the robbery, namely, the intent to deprive another of his or her property,[1] we see no reason why the rule is *324 not equally applicable to the failure to instruct the jury on all elements of robbery where no element is in genuine dispute. In either case, the jury is not fully instructed, and it is not legally significant that they are more instructed in one and less instructed in the other.
The record in the present case reveals that no element of robbery was in dispute at any time during the trial, and thus, no element of robbery was material to the jury's deliberations. Counsel for the defendant told the jury in his opening statement:
"As to the crime being committed, you will see these people, this family. You will see they are decent people. They are law abiding people and we are not disputing the fact that they were robbed.
"We are simply saying that the defendant did not do it... . The evidence will show that someone committed this crime and because someone committed this crime, these people will come into court and they will sound very credible, because in fact they were robbed."
As predicted by defense counsel, the sole defense throughout the trial was that the defendant was mistakenly identified by the victims of the robberies. Under these circumstances, where the only real issue put to the jury for its determination was whether the defendant was the person who committed the conceded robberies, it is inconceivable that the failure to instruct the jury on the elements of robbery prejudiced the defendant or that such an instruction would have made any difference in the jury's verdict.[2]
Therefore, we hold that no fundamental error excusing the defendant's lack of objection to the omission of the robbery instruction exists where no element of the robbery was in dispute, and, a fortiori, no such fundamental error exists where, as here, for purposes of its deliberations, the jury was given the charging document, which fully described all the elements of robbery.[3]
We do not for one moment suggest, as the dissenting opinion states, that where the defense is misidentification, "the State is relieved of its burden to prove anything other than identification." (emphasis omitted). This case has nothing whatsoever to do with proof of the essential elements of the crimes; all elements were indisputably proved, and the defendant does not contend otherwise. This case merely concerns the question whether the lack of a jury instruction as to these clearly established elements, where no objection to the omission is made, constitutes fundamental error.
*325 Moreover, we think the dissent unfairly denigrates the holding in Williams v. State, 400 So.2d 542, by stating that the decision to affirm was reached in order to avoid a mass exodus from the prisons which might result from a contrary decision.[4] This court has never been hesitant to reverse a conviction where it has been convinced that reversal is required under the law. The imagined consequences of a reversal simply do not play a part in our decision-making process.
Affirmed.
FERGUSON, Judge (dissenting)
The majority has created a rule of law which departs from the well-settled constitutional principle that in a trial by jury every element of a criminal offense must be proved sufficiently to satisfy the jury, not the court, of its existence. See Henderson v. State, 155 Fla. 487, 20 So.2d 649 (1945). Henderson holds, further, that an error in instruction which takes away from the jury its obligation to determine any element of the offense charged constitutes a denial of due process  consistent with Williams v. State, 366 So.2d 817 (Fla. 3d DCA), cert. denied, 375 So.2d 912 (Fla. 1979). See also Gerds v. State, 64 So.2d 915 (Fla. 1953) (failure to correctly and intelligently instruct a jury as to each element of the offense which the State is required to prove cannot be treated with impunity under the guise of harmless error).
The majority does not purport to rely on any authority for the proposition that a failure to instruct on all elements of the offense is not fundamental error. There is none. A not guilty plea places all at issue, even the most patent truths, and every factual element must be specifically considered by the jury. Roe v. United States, 287 F.2d 435 (5th Cir.), cert. denied, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961); see also United States v. McKenzie, 301 F.2d 880 (6th Cir.1962). That a jury will consider each element of an offense, even without instructions as to what constitutes any of the essential elements of the offense, assumes too much.
Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983), which carves out an exception to the general rule and permits omission of an instruction on the element of intent where it is not in issue, is an aberration born of necessity. Between 1976 and 1980, the standard jury instruction on robbery failed to include intent as an element. A reversal on that ground would have effectively opened the prison doors for every defendant convicted where the jury was instructed according to the defective instruction. The later Williams opinion, however, is not controlling because there the jury had been fully instructed as to each of the other elements of the offense. See id. at 544 n. 6 (distinguishing, as inapplicable, the cases which find fundamental error where there is a complete failure to define or explain the crime charged, e.g., Williams, 366 So.2d 817).[5]
The defense in this case was misidentification where the defendant said, inter alia, that he was not present at the scene of the crime and that he, therefore, could not refute that a robbery had occurred. From these statements the majority reasons, contrary to existing law, that where such a defense is interposed, no other element of the offense is disputed and, therefore, the State is relieved of its burden to prove anything other than identification. But see United States v. McKenzie (even though the identification of defendant was the crucial *326 issue at trial, the government still had to prove every other essential element of the offense charged to the satisfaction of the jury). An extension of the later Williams holding to the majority's logical extreme cannot square with constitutional due process requirements.
The fact that the jury was supplied with a copy of the information is not made critical to the majority holding. But even if it were, that fact would be meaningless in the absence of some requirement that the information be read to the jury. There certainly is no assurance that merely because the charging document was sent into the jury room along with the evidence, the jury read it and understood that the State was obligated to prove each and every allegation.
The clear holding here is that the court's failure to instruct the jury on what the State must prove in order to convict may be excused where the defense is misidentification, so long as the court is satisfied that each element has been proved. It seems to me that dispensing with the jury altogether in such cases is, easily, the next logical step.
NOTES
[1] The rule has not been applied solely to the omission of the intent element in a robbery charge. See Pratt v. State, 429 So.2d 366 (Fla. 1st DCA 1983) (omission of knowledge element in drug case). Indeed, one appellate court has extended the rule in holding that the failure to instruct on an essential element over the objection of the defendant is harmless error where the existence of the element is not in genuine dispute. See Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), rev. denied, 426 So.2d 26 (Fla. 1983). But see Holmes v. State, 412 So.2d 429 (Fla. 4th DCA 1982).
[2] Williams v. State, 366 So.2d 817 (Fla. 3d DCA 1979), upon which the defendant relies, does nothing to further his position. One simply cannot tell from that opinion what the defense or disputed issues were. Nor does the earlier Williams have any greater precedential value because distinguished in Williams v. State, 400 So.2d at 544 n. 6, as involving a failure to instruct on all elements. The key to fundamental error is prejudice resulting in a denial of due process.
[3] A representative count of the Information alleges in pertinent part that the defendant:

"did unlawfully, by force, assault or putting in fear, take certain property, to-wit: PURSE, JEWELRY and CASH, good and lawful currency of the United States of America, said property being the subject of larceny and of the value of more than ONE HUNDRED DOLLARS ($100.00) the property of [______] as owner or custodian, from the person or custody of [______], with the intent to permanently deprive [______] of said property, etc." (emphasis supplied).
Thus, the elements of robbery, that is, (1) taking from the person or custody of the person, (2) the taking being by force, violence or assault, or by putting the person in fear, (3) the property taken was of some value, and (4) the intent being to permanently deprive the person of the property taken, were all before the jury.
[4] Williams most assuredly is not limited to the omission of the element of intent from the robbery instruction or a situation in which an erroneous, but consistently-used, standard jury instruction is the cause of the omission.
[5] Our initial vote was to deny rehearing in this case. While action on the State's motion for rehearing en banc was pending, the author of the original opinion then changed his vote to agree with the dissent, forming a new majority. Contrary to what is set forth in note 2, the panel opinion on rehearing squarely conflicts with the holding in the earlier Williams case  which now sets the stage for an en banc rehearing.