830 So.2d 944 (2002)
Courtney MITCHELL, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D01-957.
District Court of Appeal of Florida, Fifth District.
November 22, 2002.
*945 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Richard E. Doran, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PETERSON, J.
Courtney D. Mitchell appeals his convictions for Attempted Second Degree Murder,[1] Attempted Felony Murder,[2] Attempted Armed Robbery,[3] and Conspiracy to Commit Robbery[4]. He received 30-year concurrent sentences for the first three crimes and a 15-year sentence for the fourth along with a 25-year minimum mandatory sentence for the use of a firearm.
Mitchell and two others planned and participated in a robbery on July 23, 1999. The victims, a couple in a parking lot, were randomly selected by the trio as they passed by the site. Mitchell simply walked up to the woman and immediately shot her below her chin at close range with a .22 caliber pistol, without making a demand for her property or uttering a word. The bullet lodged behind her ear, damaged her cranial nerves and left her with lifelong painful injuries affecting her ability to speak and swallow. The use of her left shoulder and neck are also impaired. Mitchell then turned toward the wounded woman's companion and demanded his wallet. When the demand was refused, Mitchell ran away. Only emergency treatment and 15 days in the hospital saved the life of the wounded victim from the potentially fatal gunshot.
*946 Mitchell contends that his dual convictions for attempted second degree murder and attempted felony murder are barred by double jeopardy principles. He relies primarily on Gordon v. State, 780 So.2d 17 (Fla.2001) for his conclusion that the trial court impermissibly entered judgments finding him guilty of both attempted second degree murder and attempted felony murder. Although the two specific homicide attempts involved in the instant case were not charged against the defendant in Gordon, the opinion is instructive and the principles discussed are dispositive of the issues in the instant case.[5]
Gordon instructs us that in order to determine whether dual convictions constitute a double jeopardy violation, an analysis requires more than a simple application of the Blockburger[6] test. This requirement exists because dual convictions meeting the Blockburger test may still be impermissible when the offenses are considered "degree variants of the same core offense." Id. at 22.[7] A two step inquiry is required to determine whether the second exception of the Blockburger test found in section 775.021(4)(b), Florida Statutes (2001) would allow a dual conviction in the instant case. The two step analysis requires inquiry to determine: (1) whether the crimes constitute separate offenses under Blockburger as codified in section 775.021(4)(a); and, if so, (2) whether the crimes are "degree variants" or aggravated forms of the same core offense. Id. at 21.
The crimes constitute separate offenses under Blockburger because each crime contains an element that the other does not.[8] Attempted second degree murder requires that the perpetrator's act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. Attempted felony murder requires that the act be committed during the course of committing a felony and that it could have resulted in the unlawful death of another.
Finding that the initial inquiry results in the conclusion that each crime constitutes a separate offense, we must next determine *947 whether the two offenses are degree variants or aggravated forms of core offenses. We must first determine whether the two offenses share the same core offenses categorized as theft, battery, possession of contraband or homicide.
Both of the offenses, murder in the second degree and attempted felony murder, are included in Chapter 782 of the Florida Statutes entitled Homicide and are addressed to the same primary evil,[9] the perpetration of an act that may inflict death. Although the two types of crimes differ in that the former requires an act evincing a depraved mind and the latter omits that requirement in lieu of the act being an intentional act perpetrated during the commission of a felony, both punish for the act that may inflict death. Because both crimes are included within the core offense of homicide and address the same evil, we must conclude that convictions for both crimes for the same act committed during a criminal event constitute a double jeopardy violation.
We also reach this conclusion greatly influenced by the strong language employed in the Gordon opinion:
We have held repeatedly that section 775.021 did not abrogate our previous pronouncements concerning punishments for singular homicides. See Goodwin v. State, 634 So.2d at 157-58 (Grimes, J., concurring) ("I believe that the Legislature could not have intended that a defendant could be convicted of two crimes of homicide for killing a single person.") State v. Chapman, 625 So.2d 838, 839 (Fla.1993); Houser v. State, 474 So.2d 1193, 1196 (Fla.1985) (noting that "only one homicide conviction and sentence may be imposed for a single death"); Campbell-Eley, 718 So.2d at 329; Laines v. State, 662 So.2d at 1250; Goss v. State, 398 So.2d at 999. Indeed, this principle is based on notions of fundamental fairness which recognize the inequity that inheres in multiple punishments for a singular killing.
Having found that the dual homicide convictions are impermissible under Gordon, we vacate only the conviction and sentence for the category 9 crime of attempted second degree murder. We affirm the conviction for the primary offense of attempted felony murder, a category 10 offense together with the convictions for attempted armed robbery and conspiracy to commit robbery. We remand for preparation of a new scoresheet and re-sentencing.
In view of the legislative requirement of section 775.021 to punish each offense that passes the Blockburger test, the requirements of Gordon and the conviction under the relatively new crime created by section 782.051(1), we certify the following question to be one of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DO DUAL CONVICTIONS FOR ATTEMPTED SECOND DEGREE MURDER AND ATTEMPTED FELONY MURDER, PURSUANT TO SECTION 782.051, FLORIDA STATUTES (2001), FOR A SINGLE ACT CONSTITUTE A DOUBLE JEOPARDY VIOLATION?
THOMPSON, C.J., concurs.
PLEUS, J., dissents with opinion.
PLEUS, J., dissenting.
I respectfully dissent. Analysis must begin with the Blockburger[1] test, or the *948 "same elements" test. As noted by the Florida Supreme Court in M.P. v. State, 682 So.2d 79, 81 (Fla.1996), the initial and primary Blockburger inquiry is "whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution."
The Blockburger test, with exceptions to the basic principle above, has been codified in Florida in section 775.021(4). It provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.
Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
(Emphasis added).
The two offenses of attempted felony murder and attempted second degree murder meet the initial test of each having at least one separate element that the other does not. Attempted second degree murder requires a showing of recklessness, of "a depraved mind without regard for human life"; attempted felony murder does not.[2] Attempted felony murder requires that the act was done during the commission of a felony, obviously not an element of attempted second degree murder.[3]
Furthermore, the two crimes do not fall into any of the statutory exceptions noted above. They do not require identical elements of proof because attempted felony murder requires the state to prove that an act was done in the commission of a felony. They are not degrees of the same offense. Attempted felony murder is a complete substantive crime, despite being denominated in its title as an attempt. In fact, it is neither a degree of, nor a statutory lesser included offense of, any homicide crime, despite its placement in Chapter 782, the homicide chapter of the Florida Statutes.
*949 Thus, a person can be convicted of either attempted first degree or attempted second degree murder, and attempted felony murder because attempted felony murder is neither a lesser included (or a "subsumed") offense of the offense of attempted murder, nor a degree of a homicide offense.[4] § 775.021(4)(b)(2) & (3), Fla. Stat. (1999). In contrast, a person cannot be convicted of both first degree murder and felony murder. They are variants of the same crime, in fact, they are the same degree of the same offense, and are alternative means to prove a single offense. § 782.04, Fla. Stat. (1999).
In short, the 1998 legislatively-enacted crime of attempted felony murder is not a traditional common law attempt or inchoate crime; it is a statutorily-created crime complete within itself that does not require a separate attempt instruction but does require its very own instruction.[5] Accordingly, I conclude that there is no double jeopardy violation in the adjudication of guilt and sentencing for attempted second degree murder and attempted felony murder for the single act of shooting a single victim during the commission of an attempted robbery.
NOTES
[1] Fla. Stat. § 782.04(2) (2001).
[2] Fla. Stat. §§ 782.051(1), 775.087(1) and (2)(a)3 (2001).
[3] Fla. Stat. §§ 812.13(2)(a), 777.04, 777.011 and 775.087(2)(a)3 (2001).
[4] Fla. Stat. §§ 812.13(2)(a), 777.04(3) and 777.011 (2001).
[5] We recognize that the crime of attempted felony murder discussed in Gordon was found not to exist in State v. Gray, 654 So.2d 552 (Fla.1995). The crime of attempted felony murder involved in the instant case was enacted subsequent to the Gray decision.
[6] Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[7] The term "degree variants" describes Justice Kogan's interpretation of the second statutory exception of the Blockburger test. The interpretation was announced in a concurring opinion in Sirmons v. State, 634 So.2d 153 (Fla.1994) and prohibits multiple convictions for certain core offenses which are distinguishable only by degree. Review of this concept indicates that the core offenses are basically theft, battery, possession of contraband, or homicide. Id. at 155. The "degree" referred to is not the degrees defined by statute such as first, second or third degree murder, but all crimes prescribed by Florida's Criminal Code that are "variants" of a particular "core offense." Justice Grimes commented on the confusion that the concept generates in his dissent in Sirmons: "The majority seems to rely on the second exception (of the Blockburger test) to conclude that both theft of a motor vehicle and robbery with a weapon are degrees of the same offense but ignored the fact that these crimes are not degrees of the same offense "as provided by statute" (referring again to the statutory Blockburger test). Notwithstanding, Justice Grimes's dissent was somewhat weakened in Goodwin v. State 634 So.2d 157, 158 (Fla.1994) when in a concurring opinion he wrote that the "Legislature could not have intended that a defendant could be convicted of two crimes of homicide for killing a single person."
[8] Judge Pleus's accompanying dissent has a detailed Blockburger analysis which we find to be correct. We differ only in the conclusion because it omits the Gordon "core analysis."
[9] The "evil" concept involved in attempted homicide is discussed in Gordon citing to the dissent in Carawan v. State, 515 So.2d 161, 173 (Fla.1987).
[1] Blockburger v. U.S., 284 U.S. 299, 52 S.Ct.

180, 76 L.Ed. 306 (1932).
[2] To establish attempted second degree murder, the state has to show (1) that the defendant intentionally committed an act which would have resulted in the death of the victim except that someone prevented him from killing the victim, or he failed to do so, and (2) that the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. Standard Jury Instructions in Crim. Cases, 697 So.2d 84, 90 (Fla.1997).
[3] Attempted felony murder consists of an intentional act committed during a felony which is not essential to the commission of that felony and which, by its nature, could have resulted in the unlawful death of another. § 782.051, Fla. Stat. (1999).
[4] I recognize that dual convictions for the former crime of attempted felony murder (found to no longer exist in State v. Gray, 654 So.2d 552 (Fla.1995)), and attempted first or second degree murder likely violated double jeopardy where one attempt to intentionally or recklessly kill exists. See Gordon v. State, 780 So.2d 17 (Fla.2001).
[5] See Thompson v. State, 814 So.2d 1103, at 1106 (Fla. 4th DCA 2002) ("We are mindful of the fact that no standard jury instructions exist for the crime of attempted felony murder"); see also King v. State, 800 So.2d 734, 738 (Fla. 5th DCA 2001) ("The reliance on the common law elements as a basis for the instruction was error. After the supreme court in Gray found that attempted first degree felony murder was a nonexistent offense, the Legislature reenacted the offense of attempted felony murder and included for the first time the phrase `that is not an essential element of the crime,'....").