837 So.2d 1063 (2003)
Robert L. BATTLE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1839.
District Court of Appeal of Florida, Second District.
January 17, 2003.
Rehearing Denied February 26, 2003.
*1064 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Robert Battle, Jr., appeals his judgment and sentence for attempted felony murder with a firearm. He does not contest his judgment and sentence for attempted second-degree murder and attempted robbery.[1] We affirm the attempted felony murder charge but write to address an error in the jury instruction on that charge.
The State alleges that Battle shot David Golly in the head during an attempted robbery on January 24, 2000. Golly testified that on that day he was in his pickup truck in an alley in south St. Petersburg trying to buy drugs. Battle approached the truck, said that he would be a second, and stepped away. When Battle returned a few minutes later, Golly saw that Battle had a gun. Battle demanded money from Golly. In response, Golly stepped on the gas pedal of his truck. Battle then fired the gun, striking Golly in the head.
Golly and two witnesses identified Battle from a photopack as the perpetrator. Battle's theory of defense was that this was a case of intentional misidentification by Golly in an effort to extort money from Battle and intentional misidentification by the witnesses to shield the person who actually confronted Golly in his truck. Battle's defense suggested that the person who confronted Golly was an individual named Tim Watson.
The State charged Battle with attempted felony murder with a firearm pursuant to section 782.051(1) Florida Statutes (1999), which provides as follows:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the *1065 death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, ....
The phrase, "that is not an essential element of the felony," constitutes a necessary element of attempted felony murder under section 782.051(1). Thompson v. State, 814 So.2d 1103 (Fla. 4th DCA 2002); King v. State, 800 So.2d 734 (Fla. 5th DCA 2001); Neal v. State, 783 So.2d 1102 (Fla. 5th DCA 2001). Here, the trial court gave the following instruction on attempted felony murder:
The third crime for which Mr. Battle is charged is attempted felony murder with a firearm.
In order to find the Defendant attempted to commit the crime of attempted felony murder, the State must prove two elements beyond a reasonable doubt:
The first is that the Defendant attempted to perpetrate the crime of robbery, as I have previously explained that crime to you.
And the second element is that during the course thereof, the Defendant committed an intentional action that could have but did not cause the death of David Golly.
Battle did not object to this instruction in the trial court, but he argues that the failure to instruct the jury on an essential element of the crime constitutes fundamental error in this case. The instruction given fails to include the required element in section 782.051(1) that the jury had to find that Battle committed an intentional act "that is not an essential element of the felony."
The failure to instruct the jury on this essential element is fundamental error if the error pertains "to an element of the crime that is a disputed issue in the case." King, 800 So.2d at 737; see State v. Delva, 575 So.2d 643 (Fla.1991); Pena v. State, 829 So.2d 289 (Fla. 2d DCA 2002). In Delva, the Florida Supreme Court cited Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984), for an example of an issue that was not disputed. In Morton, the trial court failed to instruct on the essential elements of robbery, but the court noted that the facts of the robberies were conceded and mistaken identity was the only issue.
Here, the State contends that the omitted element in the jury instruction was not a disputed issue because Battle did not contend that the crime did not occur, but rather that he was misidentified as the perpetrator. It was undisputed that Golly was shot in the head, an act that was not an essential element of the attempted robbery. We note that in Thompson, the Fourth District held that the same omitted element in the attempted felony murder jury instruction was a disputed issue when the defense was mistaken identity, stating that the "defense of mistaken identity required the state to prove every element charged." Thompson, 814 So.2d at 1104. However, based on the supreme court's reliance on Morton in Delva, we hold that the failure to instruct on an essential element of attempted felony murder in this case was not fundamental error when the defense was mistaken identification. In doing so, we certify conflict with the Fourth District's decision in Thompson v. State, 814 So.2d 1103 (Fla. 4th DCA 2002). Accordingly, because the erroneous jury instruction was not fundamental error and Battle did not object to the instruction, we affirm Battle's judgment and sentence. See Delva, 575 So.2d at 644.
Affirmed.
CASANUEVA and KELLY, JJ., Concur.
BLUE, C.J., Concurs specially with opinion.
*1066 BLUE, Chief Judge, Specially concurring.
I reluctantly concur in the majority decision because I believe the case law cited on fundamental error requires the result. I do so although I disagree with the law we are required to follow. In this case, Mr. Battle pleaded not guilty to the charge of attempted felony murder. At that point, the State had the burden of proving each of the elements comprising that crime to the jury hearing the case, beyond a reasonable doubt. There is no provision in the law that would allow a directed verdict in favor of the State on any of the elements of the crime, but the case law we apply appears to say that it is not necessary for the jury to find all the elements proven beyond a reasonable doubt. We, rather than the jury charged with deciding the case, can determine that one of the elements of the charged crime was undisputed. That would make it appear that the defendant has a burden to offer some evidence beyond his not guilty plea in order to place elements of a crime in dispute.
Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984), is a particularly disturbing opinion. In that case the trial court instructed the jury on all the elements of the lesser included crimes, but it failed to instruct on the primary offense of robbery. The jury returned a guilty verdict on the robbery charge, and the court affirmed, saying: "The record in the present case reveals that no element of robbery was in dispute at any time during the trial, and thus, no element of robbery was material to the jury's deliberations." Id. at 325. Compare the dissent in the same case: "The majority has created a rule of law which departs from the well-settled constitutional principle that in a trial by jury every element of a criminal offense must be proved sufficiently to satisfy the jury, not the court, of its existence." Id. (Ferguson, J., dissenting). That wonderful, succinct statement is what I was attempting to say in my rambling above.
Unfortunately, our supreme court sided, not with the well-reasoned dissent, but cited with approval the majority opinion in Morton. See Delva, 575 So.2d at 645. I hope the court will again look at this question while considering the conflict we have certified. I submit that Justice Kogan's dissent in Delva, the dissent in Morton, and the holding in Thompson with which we have certified conflict should be the law of Florida.
NOTES
[1] Although not raised as an issue in this appeal, we note that in Mitchell v. State, 830 So.2d 944 (Fla. 5th DCA 2002), the Fifth District held that dual convictions for attempted second-degree murder and attempted felony murder under section 782.051, Florida Statutes (2001), for a single act constitute a double jeopardy violation. The Fifth District certified the question to the Florida Supreme Court as one of great public importance.