882 So.2d 1107 (2004)
Candy LOVELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3786.
District Court of Appeal of Florida, Fifth District.
September 24, 2004.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant *1108 Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Candy Lovell appeals the judgment and sentence imposed on her after being found guilty of first-degree felony murder, aggravated child abuse, aggravated manslaughter of a child, and neglect of a child with great bodily harm. Because the case law leads us to the conclusion that the convictions and sentences for both first-degree murder and aggravated manslaughter of the same child violate the state and federal constitutional principle proscribing double jeopardy, we reverse the conviction of aggravated manslaughter, but otherwise affirm.
Ms. Lovell and her co-defendant, Jamie Hawkins, were tried for various offenses arising out of the death of Ms. Lovell's young daughter, Summer. The evidence presented by the State indicated that Summer's death was caused by multiple blunt force injuries. As a result of the application of this force to the child's abdomen, her bladder ruptured, and urine flowed into her abdominal cavity. Although immediate treatment would have saved Summer's life, Ms. Lovell and Mr. Hawkins delayed having her seen by medical personnel for several days.
As a result of her convictions, Ms. Lovell was sentenced to life in prison for first-degree felony murder, 25.9 years in prison for aggravated manslaughter, fifteen years in prison for neglect of a child with great bodily harm, all of which were to run concurrently, and fifteen years probation for aggravated child abuse, to run consecutive to the prison terms. As noted, Ms. Lovell argues that her convictions and sentences for first-degree murder and aggravated manslaughter violate double jeopardy.
In order to determine whether two convictions constitute a violation of the principles of double jeopardy, we are required to go beyond a simple application of the test set forth in Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as codified in section 775.021, Florida Statutes (2001). Dual convictions satisfying Blockburger may still be violative of the constitution if the offenses are considered to be "degree variants of the same core offense." See Gordon v. State, 780 So.2d 17 (Fla.2001); Mitchell v. State, 830 So.2d 944, 946 (Fla. 5th DCA 2002), review denied, 845 So.2d 892 (Fla.2003).
We begin our analysis with the exceptions to the Blockburger test found in section 775.021(4)(b), Florida Statutes (2001). That statute provides that:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In order to determine whether the second exception  the exception for degree variants  applies, one must undertake a two-step inquiry. First we must determine whether the crimes constitute separate offenses under Blockburger and section 775.021(4)(a). If so, we must determine whether the crimes are degree variants or aggravated forms of the same core offense. Gordon, 780 So.2d at 21; Mitchell, 830 So.2d at 946.
*1109 In the present case the crimes of first-degree felony murder and aggravated manslaughter are separate offenses under Blockburger because each crime contains an element that the other does not. A conviction for felony murder in the present case required the State to prove that the death of the child occurred during the commission of the felony of aggravated child abuse. Aggravated manslaughter, however, only required proof that the child died as a result of Ms. Lovell's culpable negligence in failing to get medical attention for the child. In addition, it is clear that the offenses are not degrees of the same offense, nor is one offense a lesser offense subsumed by the greater.
We must now consider whether the two offenses are degree variants or aggravated forms of core offenses. Both crimes are proscribed by Chapter 782 of the Florida Statutes, entitled Homicide. Both are addressed to, and punish the same evil, the perpetration of an act leading to death. Both involve one of the core crimes, homicide. Using this analysis, we held in Mitchell that dual convictions for attempted second-degree murder and attempted felony murder were barred by the prohibition against double jeopardy. Finally, we consider the following language of the Florida Supreme Court in Gordon:
"We have held repeatedly that section 775.021 did not abrogate our previous pronouncements concerning punishments for singular homicides." (Citations omitted). Indeed, this principle is based on notions of fundamental fairness which recognize the inequity that inheres in multiple punishments for a singular killing.
Gordon at 25. See also State v. Chapman, 625 So.2d 838, 839 (Fla.1993) (multiple convictions for singular homicides are impermissible); Houser v. State, 474 So.2d 1193 (Fla.1985) (only one homicide conviction and sentence may be imposed for a single death).
Accordingly, we conclude that Ms. Lovell should not have been convicted and sentenced for both first-degree felony murder and aggravated manslaughter of a child for the death of her daughter. We, therefore, vacate only the conviction and sentence for aggravated manslaughter of a child. While we have considered the other arguments raised by Ms. Lovell in this appeal, we conclude that they are without merit, and thus affirm the judgment and sentences in all respects other than for aggravated manslaughter.
AFFIRMED in part, REVERSED in part.
THOMPSON and PLEUS, JJ., concur.