911 So.2d 85 (2005)
Robert L. BATTLE, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-443.
Supreme Court of Florida.
September 1, 2005.
*86 James Marion Moorman, Public Defender and Allyn M. Giambalvo, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief-Assistant Attorney General, and Katherine Coombs Cline, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
We have for review the decision in Battle v. State, 837 So.2d 1063 (Fla. 2d DCA 2003), which certified conflict with the decision in Thompson v. State, 814 So.2d 1103 (Fla. 4th DCA 2002), on the issue of whether the failure to instruct the jury on an essential element of attempted felony murder constitutes fundamental error when the element in question is not in dispute. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we approve the decision of the Second District Court of Appeal in Battle, which found no fundamental error, and disapprove the decision of the Fourth District Court of Appeal in Thompson to the extent that it conflicts with this opinion.

STATEMENT OF THE FACTS AND CASE
In January 2000, David Golly attempted to buy drugs in an alley in south St. Petersburg. As Golly sat in his pickup truck, Robert L. Battle, Jr., approached the truck. Battle told Golly that he would be back in a second and stepped away from the truck. When Battle returned a few minutes later, he pointed a gun at Golly and demanded money. Golly responded by stepping on the gas pedal of his truck. Battle then fired the gun and struck Golly in the head. Golly and two other witnesses identified Battle as the perpetrator from a photo array.
Battle was initially charged by information with one count of attempted second-degree murder and one count of attempted robbery. The information was later amended to include one count of attempted felony murder with a firearm pursuant to section 782.051(1), Florida Statutes (1999).
In his defense, Battle claimed that Golly intentionally misidentified him in an attempt to extort money from him and that the other witnesses misidentified him in order to shield the person who actually confronted Golly in his truck. Battle suggested that the actual perpetrator was an individual named Tim Watson.
In instructing the jury, the trial court gave the following instruction on attempted felony murder:

*87 The third crime for which Mr. Battle is charged is attempted felony murder with a firearm.
In order to find the Defendant attempted to commit the crime of attempted felony murder, the State must prove two elements beyond a reasonable doubt:
The first is that the Defendant attempted to perpetrate the crime of robbery, as I have previously explained that crime to you.
And the second element is that during the course thereof, the Defendant committed an intentional action that could have but did not cause the death of David Golly.
Battle did not object to this instruction in the trial court. However, on appeal he argued that the instruction constituted fundamental error because it failed to instruct the jury on the essential element in section 782.051(1), which requires the jury to find that Battle had committed an intentional act "that is not an essential element of the felony." The Second District recognized that the phrase "that is not an essential element of the felony" constitutes a necessary element of attempted felony murder under the statute. Battle, 837 So.2d at 1065. The district court also recognized that failure to instruct the jury on this necessary element is fundamental error if the error pertains to an element of the crime that is a disputed issue in the case. Id. The district court noted that this Court's opinion in State v. Delva, 575 So.2d 643 (Fla.1991), cited Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984), as an example of an issue that was not disputed.
In Morton, the trial court failed to instruct on the necessary elements of robbery, but the district court noted that the facts of the robberies were conceded and mistaken identity was the only issue. Therefore, the Third District concluded that the failure to instruct the jury on the necessary elements of robbery was not fundamental error. Morton, 459 So.2d at 324.
In the instant case, Battle did not dispute that the crime had occurred, but rather, claimed that he was mistakenly identified as the perpetrator. The Second District noted that "[i]t was undisputed that Golly was shot in the head, an act that was not an essential element of the attempted robbery." Battle, 837 So.2d at 1065. Citing this Court's opinion in Delva, the district court determined that the failure to instruct on a necessary element of attempted felony murder was not fundamental error in Battle's case because the facts of the offense were undisputed and Battle's defense was mistaken identity. Therefore, the district court affirmed Battle's conviction and sentence for attempted felony murder. Id. However, the Second District noted that under parallel facts, the Fourth District had held that the same omitted element in an attempted felony murder instruction was fundamental error when the defense was mistaken identity. Thus, the Second District certified conflict with the Fourth District's decision in Thompson. Id.[1]

ANALYSIS
Before we address the conflict between Battle and Thompson, it is helpful to recount the history of the statutory crime of *88 attempted felony murder. The statutory offense was created by the Legislature in response to this Court's decision in State v. Gray, 654 So.2d 552 (Fla.1995). In Gray, this Court abolished the common law crime of attempted felony murder because the "legal fictions required to support the intent for felony murder [were] simply too great" to extend to attempted felony murder. 654 So.2d at 554. In the wake of Gray, the standard jury instructions for attempted felony murder were deleted. See Standard Jury Instr. in Crim. Cases (95-2), 665 So.2d 212, 213 (Fla.1995).
In 1996, the Legislature responded by enacting section 782.051, which created the offense of "Felony causing bodily injury." See ch. 96-359, § 1, at 2052, Laws of Fla. In 1998, the Legislature substantially rewrote this section and retitled it "Attempted felony murder." See ch. 98-204, § 12, at 1970, Laws of Fla. The 1998 amendment also added the element of an intentional act that is not an essential element of the underlying felony. As amended by the Legislature, section 782.051(1) provides:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree....
(Emphasis added.)
The defendants in Battle and Thompson claimed that the failure of their respective trial courts to include the statutory language "that is not an essential element of the felony" in instructions to the jury rendered the instructions fundamentally flawed. The first issue for this Court is whether the omission of the above phrase from the attempted felony murder instructions constitutes fundamental error when only a mistaken identity defense is raised by the defendant.
In the instant case and Thompson, the defendants allegedly attempted a robbery and, in the course of that attempt, committed a separate, intentional act which resulted in severe injuries to another individual. Consequently, Battle and Thompson were charged with attempted felony murder. At their trials, neither defendant disputed that the above crimes occurred, but rather claimed that they were not the perpetrators of the crimes. Neither defendant objected to the instructions given at trial and raised the issue of instructional error for the first time on appeal. On appeal, both defendants asserted that the instructions given by the trial courts were fundamentally erroneous.
The Second District in Battle and the Fourth District in Thompson acknowledged that the jury instructions given in these cases were erroneous for failing to include an essential element of the crime charged, namely that the defendant committed an intentional act "that is not an essential element of the felony." In Thompson, the Fourth District found the trial court's error to be fundamental because the defense of mistaken identity "required the state to prove every element charged." Thompson, 814 So.2d at 1104. However, the Second District held, and we agree, that the error was not fundamental because the only defense raised was a mistaken identity defense and the elements of the crime were undisputed. Battle, 837 So.2d at 1065.
This Court has long held that defendants have a fundamental right "`to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.'" Delva, 575 So.2d at 644 (quoting Gerds v. State, 64 So.2d 915, 916 (Fla. *89 1953)). However, if a court fails to include all essential elements in a jury instruction and the defendant does not object at trial, the omission "can be raised on appeal only if fundamental error occurred." Id. at 644. Fundamental error is "`error [which] reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Id. at 644-45 (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). Fundamental error only occurs when "`the omission is pertinent or material to what the jury must consider in order to convict.'" Id. at 645 (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). Further, omitting from the instructions a necessary element of the crime "over which the record reflects there was no dispute" is not fundamental error. Id. at 645.
Delva offers guidance as to when an issue is not in dispute. The trial court failed to instruct the jury that in order to convict Delva for trafficking in cocaine, the State had to prove that he knew that the substance contained in the package in his car was cocaine, which was an essential element of the offense of trafficking in cocaine. Delva, 575 So.2d at 644. On appeal, the Third District reversed Delva's conviction, but certified a question to this Court of whether failure to give this instruction was fundamental error. On review, this Court acknowledged that the instruction given in Delva's case was erroneous. However, we concluded that "failure to instruct the jury on that element of the crime [knowledge that the substance was cocaine] could not be fundamental error" because this "was not at issue as a defense." Id. at 645. Delva's defense was that he did not know that the package was in his car; he did not argue that while he knew of the existence of the package he did not know what it contained. We concluded that "fundamental error does not occur when the defendant's knowledge of the nature of the substance was not an issue in the case." Id. This Court cited three cases as examples to support the proposition that
[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal. E.g., Stewart [v. State, 420 So.2d 862, 863 (Fla.1982)] (trial court did not instruct on intent to permanently deprive as element of robbery, but defendant admitted at trial that he stole the victim's personal property); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984) (no instruction on elements of robbery, but facts of robberies conceded with mistaken identity being the only contested issue), review denied, 467 So.2d 1000 (Fla.1985); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981) (same as Morton).
Delva, 575 So.2d at 645.
In the instant case, we conclude that failing to include the phrase "that was not an essential element of the felony" in the attempted felony murder jury instructions was erroneous because an essential element of the crime charged was omitted. However, like Delva and the cases cited therein, the omission in this case was not fundamental error because the omitted element was not in dispute. As we noted in Delva, a dispute does not arise when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant. See id. (citing Morton, which held that no fundamental error occurred when the trial court failed to instruct the jury on the elements of robbery when the defendant conceded the facts of the robberies and only a mistaken identity defense was raised); see also Pena v. State, 901 So.2d 781, 788 (Fla.2005) (concluding that it was not fundamental error to fail to *90 instruct jury on statutory element that defendant must be eighteen or older to commit drug distribution first-degree murder under section 782.04(1)(a)(3) when it was undisputed that defendant was twenty-eight years old at time of crime); Davis v. State, 839 So.2d 734, 736 (Fla. 4th DCA 2003) (stating that a mistaken identity defense does not place all elements of a crime in dispute so as to allow the failure to instruct on an element to be raised for the first time on appeal). Battle conceded the facts of the shooting; his only defense was that he was intentionally misidentified by the witnesses in order to protect another individual. As stated by the Second District "[i]t was undisputed that Golly was shot in the head, an [intentional] act that was not an essential element of the [felony]." Battle, 837 So.2d at 1065. Therefore, we approve the decision of the Second District and disapprove the Fourth District's decision in Thompson to the extent that it conflicts with this opinion.

CONCLUSION
For the reasons stated above, we approve the decision of the Second District in Battle finding no fundamental error in failing to instruct on an essential element of the offense of attempted felony murder when that element was not in dispute. We disapprove the Fourth District's decision in Thompson to the extent that it conflicts with this opinion.
It is so ordered.
WELLS, LEWIS, CANTERO, and BELL, JJ., concur.
QUINCE, J., concurs in part and dissents in part with an opinion, in which PARIENTE, C.J., and ANSTEAD, J. concur.
QUINCE, J., concurring in part and dissenting in part.
While I concur in the majority's handling of the conflict issue, I believe that the Court should vacate Battle's conviction for attempted second-degree murder on the basis of a double jeopardy violation. The majority has chosen not to address Battle's double jeopardy claim. See Majority op. at 87 n. 1. However, once this Court accepts jurisdiction over a cause in order to resolve a legal issue in conflict, we have jurisdiction over all issues. See Savoie v. State, 422 So.2d 308 (Fla.1982). Our authority to consider issues other than those upon which jurisdiction is based is discretionary and is exercised only when these other issues have been properly briefed and argued and are dispositive of the case. See Savona v. Prudential Ins. Co. of America, 648 So.2d 705, 707 (Fla. 1995). I would consider Battle's constitutional claim under this authority.[2]
Battle claims that his conviction for both attempted second-degree murder and attempted felony murder constitutes a double jeopardy violation. Both the state and federal constitutions protect criminal defendants from multiple convictions and punishments for the same offense.[3] The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal *91 transaction is whether the Legislature "intended to authorize separate punishments for the two crimes." M.P. v. State, 682 So.2d 79, 81 (Fla.1996); see also State v. Anderson, 695 So.2d 309, 311 (Fla.1997) ("Legislative intent is the polestar that guides our analysis in double jeopardy issues...."). Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger[4] test, as codified in section 775.021, Florida Statutes (1999), to determine whether separate offenses exist. See Gaber v. State, 684 So.2d 189, 192 (Fla.1996) ("[A]bsent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger `same-elements' test pursuant to section 775.021(4) ... is the sole method of determining whether multiple punishments are double-jeopardy violations.") (footnote omitted). Section 775.021 provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021, Fla. Stat. (1999). Thus, the Blockburger test, or "same-elements" test, inquires whether each offense has an element that the other does not. See State v. Craft, 685 So.2d 1292 (Fla.1996). If so, the offenses are considered separate offenses, and the defendant may be convicted and punished for each offense. In some cases, this inquiry has involved a straightforward application of section 775.021, that is, examining the statutory elements of each offense to determine whether the offenses may be considered separate. See Gaber, 684 So.2d at 189-90; Johnson v. State, 689 So.2d 1065 (Fla.1997) (holding that armed trespass and grand theft convictions did not constitute double jeopardy violation); State v. Maxwell, 682 So.2d 83, 84 (Fla.1996); State v. Johnson, 676 So.2d 408, 409-10 (Fla.1996); Hamrick v. State, 648 So.2d 274 (Fla. 4th DCA 1995) (discussing legislative intent to punish multiple offenses resulting from a single act).
In Gordon v. State, 780 So.2d 17 (Fla.2001), this Court had to consider the "more complex" application of the second statutory exception  offenses which are degrees of the same offense as provided by statute. This Court explained that construction of the second exception involves a two-step inquiry: whether the crimes constitute separate offenses under Blockburger, as codified in section 775.021(4)(a); and whether the crimes are "degree variants" or aggravated forms of the same core offense. Id. at 21.
*92 Gordon involved the crimes of attempted first-degree murder, aggravated battery causing great bodily harm, and a felony causing bodily injury.[5] This Court found that each of these crimes contains an element that the other does not, thereby satisfying the Blockburger test. Id. at 21-22. In determining whether the second statutory exception (i.e., whether the crimes are aggravated forms of the same core offense) was applicable, this Court concluded that the offenses were not "degree variants" of the same underlying offense. Gordon had argued that his offenses were synonymous because all involved the core offense of injuring someone. Id. at 23. This Court concluded:
On the contrary, attempted first-degree murder punishes the intent to kill, whereas aggravated battery causing great bodily harm punishes the act of seriously injuring another person. As the State correctly points out, felony causing bodily injury punishes the act of injuring someone during the commission of a felony, in this case armed robbery. This concern is unrelated to aggravated battery, which does not require the commission of a felony. In short, the separate evils of intending to kill, seriously injuring someone, and injuring someone during the commission of a felony are sufficiently distinct that they warrant separate punishment.
Id. at 23. Thus, this Court found no double jeopardy violation. Id. at 25; see also Mitchell v. State, 830 So.2d 944 (Fla. 5th DCA 2002) (applying Gordon analysis to conclude that dual convictions for attempted second-degree murder and attempted felony murder violate double jeopardy principles).
We must examine the two offenses at issue here, attempted second-degree murder and attempted felony murder, to discern whether the same "core offense" is involved. As provided in the standard jury instruction for attempted second-degree murder, the State must prove two elements beyond a reasonable doubt: that the defendant intentionally committed an act which would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or the defendant failed to do so; and the act was imminently dangerous to another and demonstrating a depraved mind without regard for human life. See Fla. Std. Jury Instr. (Crim.) 6.4. An act is "imminently dangerous to another and demonstrating a depraved mind" if: a person of ordinary judgment would know that it is reasonably certain to kill or do serious bodily injury to another; it is done from ill will, hatred, spite, or evil intent; and it is of such a nature that the act itself indicates an indifference to human life. Id. There is no standard jury instruction for attempted felony murder,[6] but the statute provides the following three elements: a person who either perpetrates or attempts to perpetrate any felony enumerated in section 782.04(3); and who commits an intentional act that is not an essential element of that felony; and that intentional act could, but does not, cause the death of another. See § 782.051(1), Fla. Stat. (1999). Thus, the offenses of attempted second-degree murder and attempted felony *93 murder seem to be aimed at the same evil, namely the perpetration of some act that may inflict death, albeit from a depraved mind or in the course of committing another felony. Further, the statutes defining each offense are included in the same chapter of the Florida Statutes, i.e., chapter 782 which is entitled "Homicide." See §§ 782.04(2)-(3), 782.051(1), Fla. Stat. (1999).
Based upon the Gordon core analysis, I conclude that Battle's convictions for both attempted second-degree murder and attempted felony murder for the same act constitute a double jeopardy violation. See Mitchell v. State, 830 So.2d 944 (Fla. 5th DCA 2002) (holding that dual convictions for attempted second-degree murder and attempted felony murder under section 782.051, based on a single act, constitute a double jeopardy violation). Therefore, I would vacate Battle's conviction for attempted second-degree murder and remand for resentencing.
PARIENTE, C.J., and ANSTEAD, J., concur.
NOTES
[1] In addition to the conflict issue, Battle raises three other issues for this Court to review. Battle claims that the information charging him with attempted felony murder was fundamentally defective; his conviction for both attempted second-degree murder and attempted felony murder constitutes a double jeopardy violation; and the evidence is insufficient to support his conviction for attempted felony murder. We decline to address these claims as they are beyond the scope of the conflict issue.
[2] I agree with the majority's decision not to address Battle's other two claims, i.e., the information charging him with attempted felony murder was fundamentally defective and the evidence was insufficient to support his conviction. While these issues were properly briefed and argued by Battle, they are without merit and therefore not dispositive of his case.
[3] Article I, section 9, of the Florida Constitution provides: "No person shall ... be twice put in jeopardy for the same offense." The Fifth Amendment of the United States Constitution provides that no person shall be "subject for the same offence [sic] to be twice put in jeopardy of life or limb." U.S. Const. amend. V.
[4] See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[5] "Felony causing bodily injury" is the 1997 statutory version of section 782.051(1), which was amended in 1998 and retitled as the current crime of attempted felony murder.
[6] In light of the absence of a standard jury instruction on attempted felony murder, I would refer this matter to the Committee on Standard Jury Instructions in Criminal Cases and direct the Committee to submit a proposed instruction on the statutory offense of attempted felony murder.