920 So.2d 32 (2005)
Michael L. JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1657.
District Court of Appeal of Florida, Second District.
November 18, 2005.
Rehearing Denied February 14, 2006.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Michael Jennings was convicted of lewd and lascivious molestation of a disabled person in violation of section 825.1025(3)(a), Florida Statutes (2001). *33 He contends that his trial was tainted in various ways by fundamental errors and ineffectiveness of counsel. We find merit in Jennings's argument that the jury instructions were fundamentally defective with respect to a crucial element of the crime charged. Accordingly, we reverse his conviction and remand for a new trial.
Our reversal moots Jennings's issues regarding his motion for new trial and prosecutorial misconduct during closing argument. He also claims that the evidence was not sufficient to prove the victim was a disabled adult, but he did not raise this issue below. The contemporaneous objection rule applies to challenges based on sufficiency of the evidence. F.B. v. State, 852 So.2d 226, 229-30 (Fla.2003). In this prosecution, the relevant exception to that rule would apply only if the evidence was insufficient to show that a crime was committed at all. See id. at 230. That was not the case. Therefore, we find no fundamental error concerning the sufficiency of the evidence, but we note that Jennings is not precluded from arguing this point based on the evidence presented at his retrial.
Section 825.0125(3)(a)[1] creates a crime based on the victim's status as either an elderly person or a disabled person. Thus, the victim's status is an element of the crime. Cf. State v. Barnum, 921 So.2d 513, 516-17, 2005 WL 2296638 (Fla. Sept. 22, 2005); Thompson v. State, 695 So.2d 691, 692 (Fla.1997) (both holding that knowledge of victim's status as a law enforcement officer is an element of the crime of attempted murder of a law enforcement officer); Glover v. State, 863 So.2d 236, 238 (Fla.2003) (holding that age is an element of the crime of sexual battery). For purposes of this and other crimes described in chapter 825, section 825.101(4) defines a disabled adult as
a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.
Of course, the jury must be instructed on all elements of the charged offense. State v. Delva, 575 So.2d 643, 644 (Fla.1991). No standard jury instruction has been promulgated for this crime. At Jennings's trial, the court gave the following instruction:
[Jennings] has been accused of the crime of lewd or lascivious molestation of [a] disabled adult. The information reads in part as follows: That [Jennings] did intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area, buttocks or the clothing covering those areas of a disabled person, to wit: [victim's name], when [Jennings] knew or reasonably should have known that [victim's name] either lacked the capacity to consent or failed to consent to such touching....
Before you can find [Jennings] guilty of lewd or lascivious molestation of [a] disabled adult, the state must prove the following two elements beyond a reasonable doubt: One, [Jennings] intentionally touched in a lewd or lascivious manner the breasts ... or clothing covering those areas of [victim's name]; and two, *34 [Jennings] knew or should have known that [victim's name] either lacked the capacity to consent or failed to consent to such touching.
(Emphasis supplied.)
As can be seen, this instruction did not require the jurors to decide whether the victim was a disabled adult. Indeed, it essentially directed a verdict on that element of the crime. But Jennings did not object to the instruction as given, nor did he request an instruction defining a disabled adult or directing the jurors to decide whether the victim met the definition. Nevertheless, he argues that the instruction amounted to fundamental error. See Delva, 575 So.2d at 644 (reiterating that jury instructions are subject to the contemporaneous objection rule, and if no objection has been raised, they may be reviewed on appeal only if fundamental error occurred).
The Florida Supreme Court recently emphasized its long-standing holdings that a defendant has a fundamental right to have the jury correctly and intelligently instructed on the material elements of the charged crime. Battle v. State, 911 So.2d 85, 88 (Fla.2005). However, a court's failure to give complete instructions is not fundamental error when "the record reflects there was no dispute" over the omitted element. Id. (quoting Delva, 575 So.2d at 645).
For example, as the Battle court discussed, in some cases the record establishes that the defendant conceded an element of the charged crime. Battle was charged with attempted felony murder based on a shooting that occurred during an attempted robbery. He claimed fundamental error in the trial court's failure to instruct the jurors on an element of that crime, i.e., that he had committed an intentional act that was not an essential element of the underlying felony of attempted robbery. 911 So.2d at 85. But Battle had conceded that the victim had been shot in the head. Because that undisputed fact established the element missing from the instruction, the omission was deemed not to be fundamental error. Id. at 90; see also Stewart v. State, 420 So.2d 862 (Fla.1982) (stating it was not fundamental error for the trial court to fail to instruct the jurors on the robbery element of intent to permanently deprive an owner of his property when the defendant admitted he stole the victim's property); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984) (noting that the defendant conceded the victims had been robbed, therefore it was not fundamental error to fail to instruct the jury on the elements of robbery).
Here, the State maintains that Jennings conceded that the victim was a disabled adult and that, under the reasoning discussed above, the instruction did not constitute fundamental error. We disagree. The record shows that the defense acknowledged that the victim was mildly retarded. That fact, in and of itself, did not establish the requisite status of the victim. Under the statutory definition, to qualify as a disabled adult the victim must have a developmental disability that results in a physical or mental incapacitation, or she must have one or more physical or mental limitations that restrict her ability to perform the normal activities of daily living. Jennings did not concede that his alleged victim was incapacitated or that her limitations restricted her ability to perform normal activities of daily living.
Even where a defendant has not conceded an element of the crime, the omission of the element from the jury instructions may be deemed not to be fundamental error if the undisputed evidence established that element. Thus, for example, the court in Pena v. State, 901 So.2d 781, 784-85 (Fla.2005), held that it was not fundamental error to omit an instruction *35 on the defendant's age when he was charged with first-degree murder by drug distribution, a crime that may be committed only by an offender who is at least eighteen years old. The undisputed evidence established that Pena met the statutory age requirement for the offense, and he did not object that the jury instruction did not include age as element of the crime.
We have found no case addressing this issue as it relates to the "disabled adult" element of a chapter 825 crime. However, an analogous issue arose in Sieniarecki v. State, 756 So.2d 68 (Fla.2000). Sieniarecki was convicted of neglect of a disabled person. § 825.102(3). She challenged the constitutionality of the statute based on, among other things, the vagueness of the definition of a disabled adult. The evidence showed that the victim was despondent and disoriented. She called her younger son by his older brother's name and asked where her dead husband had gone. Although physically able, she refused to walk. Her children never left her alone, because she sometimes needed help or food. She often refused food and drink, and at the time of her death, she weighed only sixty-eight pounds. Id. at 70. In light of this evidence, the Sieniarecki court rejected the vagueness challenge because, when "measured by common understanding and practice," the victim's de facto total impairment clearly fell within the statutory definition. Id.
Theoretically, a quantum of evidence of the victim's impairment such as that present in Sieniarecki would render the victim's status as a disabled adult undisputed for purposes of determining whether the failure to instruct on that issue is fundamental error. But in Jennings's case the evidence fell well shy of that mark. Although it was not disputed that Jennings's alleged victim suffered from mild to moderate retardation, the evidence reflected that she functioned well in a wide range of activities. For example, she attended school, had friends, knew about sex, had a volunteer job, bathed herself, ran errands, and assisted with chores. As such, unlike the evidence in Pena, the evidence in this case did not conclusively establish the element of the crime that the instruction omitted. At the very least, the evidence presented a jury question about whether the alleged victim's "developmental disability" produced a condition of "mental incapacitation" or restricted her ability to engage in the normal activities of daily living sufficient to meet the statutory definition of a disabled adult under section 825.101(4).
The jury instruction in this case resulted in fundamental error because it omitted the requirement that the jurors find the victim was a disabled adult, which "was pertinent or material to what the jury must consider in order to convict." Delva, 575 So.2d at 645 (quoting Stewart, 420 So.2d at 863). We reverse and remand for a new trial. On retrial, the court must instruct the jurors that in order to convict Jennings, they must find that the victim is a disabled adult. The instructions should include the statutory definition of a disabled adult. Because a new trial will be held, we also note that section 825.0125(3)(a) requires the State to prove that the disabled adult either did not consent to the act or lacked the capacity to consent. If the victim's capacity to consent is at issue, the trial court should instruct the jurors on the statutory definition of that term. § 825.101(9).
Reversed and remanded.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] "Lewd or lascivious molestation of an elderly person or disabled person" occurs when a person intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of an elderly person or disabled person when the person knows or reasonably should know that the elderly person or disabled person either lacks the capacity to consent or fails to give consent.